.JUDGE LINDSAY
delivered the opinion op the court.
The order from which this appeal is prosecuted must be regarded as final. The special demurrer to the jurisdiction *577 of the court was sustained, and a judgment rendered against appellant for the costs of the entire proceeding. This is equivalent to dismissing the petition for the want of jurisdiction in the court, and effectually precludes appellant from taking further steps in this litigation to obtain the relief desired.
We are inclined to differ with the circuit court as to its want of jurisdiction to enjoin the collection of so much of appellant’s subscription to the high-school as had not been reduced to a judgment in the Franklin Quarterly Court; but this question need not be considered in view of the fact that we feel satisfied, after a careful examination of the petition, that it sets - out no cause of action, and that under the facts as presented, and the provisions of the act of the General Assembly incorporating the high-school, it can not be so amended as to present a cause of action.
The object of the corporation was to establish and maintain j a high-school, and not to make money, and it has no legal! right to engage in _ speculations or investments in real estate! for the last-named purpose; but it has the expressly delegated' power “ to receive and hold for the benefit of said high-school any lands, tenements, etc., ... by gift, devise, donation,! contract, or purchase.” It is not complained that the house! and lands purchased or about to be purchased from Gaines are not to be held for the benefit of the school, but that the corporation is unable to pay the contemplated price, and that thej inevitable result of the purchase, if consummated, will be the' bankruptcy of the corporation and the failure of the project to establish the school.
It may be conceded that the facts stated in the petition ■ fully authorize this conclusion, and yet it does not follow that a court of equity has the power at the suit of a stockholder to interfere by injunction td prevent the corporation from executing a contract it hag'the lawful right to make.
It is true that a medfiritv-of stockholders, no matter how *578 1 great, have not the right to divert the funds of a joint-stock [incorporated company to any other than the purposes for which it was organized; and if such funf< are about to be so diverted, a stockholder may file a bill ir eq ilty against the company to restrain it by injunction from tu.-h diversion or misapplication. (Bagshaw v. Eastern Counties Railway Co., 7 Hare, 114; 1 Beavans, 1; March v. Eastern Railway Co., 40 N. H. 548.) But relief will not be grant,-0. unless the corporation is about to do some act outside of the of its authority, or in disobedience to the provisions of its stitu\tion, for so long as it exercises the powers granted the charter the acts of the company must be treated by the .tc mts as the acts of all the stockholders.
i Each and every stockholder contracts that the will of Re I majority shall govern in all matters coming within the I'me: ' of the act of incorporation; and in case^involving no bi-.a'-b of trust, but only error or mistake of judgment upon the part of the directors who represent the company, individual stoclci holders have no right to appeal to the courts to dictate the (line of policy to be pui’sued by the corporation, (Angell and Ames on Corporations, sec. 393.) Nor does the irregular manner in which the board of directors voted upon the proposition to make the purchase from Gaines authorize the chancellor to interpose to prevent its consummation. In the case of Foss v. Harbottle (2 Hare, 461), where the object of the bill in equity was to obtain relief against what was alleged to be a fraud committed by certain of the directors in an incorporated company, wdiich fraud consisted in the sale to themselves, as representatives of the company, of lands in which they were individually interested, Vice-chancellor Wigram held that although the, act might be voidable by the company, yet, inasmuch as a majority of the proprietors might at a general meeting confirm it, he declined to interfere, saying, “ While the court may be declaring tlievacts complained of to *579 be void at tbe suit of the present plaintiffs, who in fact may be the only proprietors who disapprove of them, the governing body of proprietors may defeat the decree by lawfully resolving upon the confirmation of the very acts which are the subject of the suit.” So in this case, while it may be that the corpora-', tion has the right to avoid the purchase from Gaines because I one of the directors, without whose vote the proposition would' have been rejected, was allowed to vote by proxy, yet it may be that Dudley is the only stockholder who disapproves of the purchase, and it might result that, at the time the court was protecting him against the payment of his subscription because of the unauthorized action of the directors, a majority of the stockholders in general meeting might ratify or have already ratified the purchase, and bound Dudley under his contract of subscription to submit to their will thus regularly and legally-expressed.
It may be that the price agreed to be paid for the house and lands is greatly more than its value, but about this matter the opinion of the majority of the stockholders as expressed through the directory must control, and so f^ir as the action of the court in this case is concerned it is immaterial whether the corporation acted wisely or unwisely in contracting a debt which possibly it will be unable to pay. The charter empowers it to make purchases of land, to contract debts, and to issue bonds to an amount not over two thirds of the stock subscribed; and if these powers are so exercised as to result in loss to the stockholders, it is a misfortune against which the courts can afford no protection.
Judgment affirmed.