CASE 48—ACTION FOR MALPRACTICE—Nov. 21.

107 279
e110 660

# Menefee v. Alexander.

APPEAL FROM GRANT CIRCUIT COURT.

LIMITATION—ACTION FOR MALPRACTICE.—The five-year statute of lim-
itation, and not the one-year, personal-injury statute, applies to
an action against a surgeon for malpractice in the amputation of
an arm.

W. W. DICKERSON FOR APPELLANT.

An action for malpractice is not an action for personal in-
jury within section 2516 of the Kentucky Statutes.

(No appearance for the appellee.)

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant filed this suit against appellee to recover dam-
ages for alleged malpractice by appellee as a physician
in amputating his arm without proper care or skill, by
reason of which, it is alleged, that he suffered great pain,
and his arm was left in a very bad condition.  Appellee
pleaded, among other things, the one-year statute of lim-
itation in bar of the action.  Appellant demurred to this
plea, and, his demurrer having been overruled, and judg-
ment entered dismissing his petition, he has prosecuted
this appeal.

The only question in the case is whether the one-year
statute or the five-year statute applies to the action, as
it is admitted that it is barred if the former, and not
barred if the latter, applies to this class of cases.  Section
2516 of the Kentucky Statutes is as follows:

"An action for an injury to the person of the plaintiff, or
of his wife, child, ward, apprentice or servant, or for injuries
to person, cattle or stock, by railroads, or by any company
or corporation; an action for malicious prosecution, conspir-

acy, arrest, seduction, criminal conversation or breach of promise of marriage; an action for libel or slander; an action for the escape of a prisoner, arrested or imprisoned on civil process, shall be commenced within one year next after the cause of action accrued and not thereafter."

The question presented is whether the words, "an action for an injury to the person of the plaintiff," in this section, cover an action against a physician for negligence or want of skill in the treatment of a patient. In Newman on Pleading (page 404), it is said:

"Where a person undertakes any profession, trade or public business, the law presumes a promise or undertaking on his part to have and exercise reasonable knowledge, skill, diligence and care in the performance of the business intrusted to him in the occupation in which he engages. An attorney, dentist, apothecary, physician, surgeon, etc., undertakes that he has knowledge and skill in his profession, and that he will exercise diligence and care in attending to the affairs intrusted to him. A mechanic undertakes to have and exercise skill in his trade. . . . In these and other similar cases the law imposes a duty, and generally implies also a promise to perform that duty."

So, in Bishop on Contracts (section 1416), it is said:

"Whenever one enters into another's service, . . . the law interpreting the contract adds to its general words . . . his promise to bring to the work ordinary skill and capacity, together with integrity therein, and faithfulness to the interests of his employer; the sort of skill varying with the nature of the business and the holding out of the employe. Thus a physician, a surgeon or dentist undertakes in law to supplement his reasonable care

and honest endeavors with ordinary professional skill, yet does not warrant success or a cure."

In all these cases whether the suit is against an attorney, an apothecary, a physician, a dentist, a mechanic, a teacher or one in any other avocation, the gist of the action is the same. The cause of action grows out of a failure to perform a duty imposed upon the defendant by the nature of his undertaking; and if, by reason of this breach of duty, there has been an incidental injury to the person, the character of the action is not changed. The right of action accrued when there was a breach of duty, and not when the loss or damage resulted from it. (Ellis v. Kelso, 18 B. Mon., 300.)

"In actions for official or professional negligence the cause of action is founded in the breach of duty which actually injured the plaintiff, and not on the consequential damages." (2 Greenleaf on Evidence, section 437.) The phrase, "an action for an injury to the person of the plaintiff," in the statute quoted, refers to those cases where the personal injury is the gist of the action; such as actions for assault and battery, and the like. If a druggist should sell a man poison for a harmless medicine, the suit for damages therefor would not be an action for injury to the person, although great suffering or loss of health had resulted from it. The limitation to an action against a physician for improperly treating his patient is the same as that in a like action against an attorney, a teacher or mechanic for negligence in the discharge of a duty assumed by them. In Angell on Limitations (section 71), it is said: "The action of *assumpsit* lies to recover damages for consequential wrongs or torts, which, though they are *ex delicto*, are *quasi ex contractu*, and they arise from *mal-*

*feasance,* or doing what the defendant ought not to do; *non-feasance,* or not doing what he ought to do; and *misfeasance,* or doing what he ought to do improperly." All these causes of action for which *assumpsit* lay at common law are covered by section 2515 of the Kentucky Statutes, which allows actions on implied contracts, or for injuries to the rights of the plaintiff not arising on contract, and not otherwise provided for, to be commenced within five years next after the cause of action accrued. (See Kinnison v. Carpenter, 9 Bush, 599.)

If the words, "an action for an injury to the person of the plaintiff," in the first clause of section 2516 of the Kentucky Statutes, above quoted, had been intended to cover actions for personal injury growing out of negligence or a breach of duty on the part of the defendant, then the next clause of the section, including within its operation injuries to persons by railroads, would have been wholly unnecessary, and several of the other actions expressly named in the following clauses might have been omitted.

It follows that the court erred in adjudging the action barred by the lapse of one year. The judgment is therefore reversed, and cause remanded for further proceedings not inconsistent with this opinion.