CASE 73—ACTION TO RECOVER DAMAGES FOR MALPRACTICE—APRIL 26.

# Wood v. Downing's Admr.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

APPELLATE JURISDICTION—FINAL ORDER—VENUE OF ACTION—MALPRAC-
TICE.

Held:  1. An order dismissing an action without prejudice is a final
order from which an appeal lies.
2. Civil Code, section 74, providing that every action for an injury
to the person of plaintiff, except the actions provided for by the
preceding sections, must be brought in the county in which the
defendant resides, or in which the injury is done, does not
apply to an action against a surgeon for malpractice, the in-
jury being the result of a breach of contract, but such an action
being transitory, may be brought in any county in which the de-
fendant resides or is summoned as is provided by section 78,
Civil Code.

WINFIELD BUCKLER, ATTORNEY FOR APPELLANT.

This suit was brought by Jesse Wood against F. M. Downing
in the Robertson Circuit Court seeking to recover of him the
sum of $5,000 for malpractice as a physician, and the defend-
ant was served with process in said county.

Defendant appeared and plead that he was a resident of Ma-
son county and that the Robertson Circuit Court had no juris-
diction of the action.

Plaintiff demurred to the plea which was overruled by the
Court, and plaintiff declining to plead further the lower Court

·Wood v. Downing's Admr.

dismissed his petition without prejudice, to which the plaintiff excepted and appeals.

The plaintiff claims:

1. That the judgment of the Court dismissing his petition without prejudice is a final one from which an appeal lies.

2. That this is an action upon an implied contract which is transitory, and may be brought in the county where the defendant resides or is summoned.

### AUTHORITIES CITED.

Anderson's Law Dictionary, p. 738; Ency. of Pleading and Practice, vol. 2, p. 72; Harrison v. Lebanon Water Works, 91 Ky., 258; Menifee v. Alexander, 21 Ky. Rep., 980; Ency. of Pleading and Practice, vol. 6, 998, 1000; Civil Code, sec. 74.

THOS. R. PHISTER, ATTORNEY FOR APPELLEE.

1. We submit that the judgment appealed from is not a final order, as it only dismisses plaintiff's petition without prejudice.

2. Not waiving the foregoing claim, we contend that the Robertson Circuit Code had no jurisdiction of the action under the Kentucky Civil Code of Practice.

### AUTHORITIES.

#### APPEAL—FINAL JUDGMENT.

Magill v. Mercantile Trust Co., 81 Ky., 32; Yankey v. Sweeney, 85 Ky., 61; Cravens v. Hardstem, 16 Ky. Law Rep., 271; Mattingly v. L. & N. R. R. Co., 92 Ky., 464.

#### VENUE OF ACTIONS.

Civil Code, 72, 73, 74; Ky. Statutes, secs. 10, 2515, 2516; Watts v. Thomas, 2 Bibb, 458; Moore v. Smith, 2 B. M., 340; Menefee v. Alexander, 21 Ky. Law Rep., Nov. 21, 1899; Fillet & Semple v. Hollenkemp, 13 B. M., 227; 3 Blackstone's Commentaries, 91; Wennegar's Admr. v. Central Pass. R. W. Co., 85 Ky., 547; Hansford's Admr. v. Payne, 11 Buch., 382; 2 Waits' Actions and Defenses, 103; Kuhn v. Brownfield, 11th, Lawyers' Rep., An., 701; Memphis & Cin. Packet Co. v. Nagel, 16 Ky. Law Rep., 748; Wise v. C. & C. R. W. Co., 91 Ky., 56.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

Appellant brought suit in Robertson county against appellee's intestate for damages resulting from alleged malpractice as a surgeon in setting the bones of appellant's arm, alleging that it was so negligently and un-

Vol. 110—42

skillfully done as to render the arm permanently use-
less. Appellee's intestate pleaded to the jurisdiction, al-
leging that he, at the time of and ever since the alleged
injury, had been a resident and *bona fide* citizen of Mason
county, and that the treatment of the arm and the al-
leged negligent acts had been done in Mason county. A
demurrer to the answer was overruled, and, appellant
declining to plead further, it was "adjudged that plain-
tiff's petition be dismissed without prejudice," with a judg-
ment against him for costs. From this order this appeal
was taken, and the first question is whether an appeal
lies from such an order.

For appellee it is insisted that in a large number of cases
it has been held that a dismissal without prejudice is not
a bar to a subsequent suit upon the same cause of action,
and that, therefore, it is not a final order from which an
appeal lies. Whether the order of the circuit court would
be a bar to any future action in any tribunal is not the
test by which to determine whether it is a final order.
What was determined was that the Robertson Circuit
Court had no jurisdiction to try the case. So long as
that judgment is unreversed, that question is *res judi-
cata* between the parties, and will present an effective bar
to future litigation of that cause of action in that court.
So, if it was erroneous, it would, if unreversed, bar appel-
lant's action unless some other court had concurrent jur-
isdiction. The effect of the order is exactly the same as
if a special demurrer to the jurisdiction had been sustain-
ed. This question has been decided in an opinion by
Judge Lindsay in Dudley v. School, 9 Bush, 576, where it
was said: "The order from which this appeal is prose-
cuted must be regarded as final. The special demurrer to
the jurisdiction of the court was sustained, and a judg-

ment rendered against appellant for the costs of the entire proceeding. This is equivalent to dismissing the petition for the want of jurisdiction in the court, and effectually precludes appellant from taking further steps in this litigation to obtain the relief desired." The judgment of dismissal without prejudice fixed absolutely and finally the rights of the parties in this suit in relation to the subject-matter of the litigation, and put an end to the suit. It was a final appealable order. It terminated the action as to appellant. Harrison v. Waterworks, 91 Ky., 258; 12 R., 255 (15 S. W., 522); And. Law Dict., p. 738; Enc. Pl. & Prac., 2, 72.

The next question is whether the Robertson Circuit Court had jurisdiction. For appellee it is contended that the action comes within the meaning of section 74 of the Civil Code of Practice, which provides: "Every other action for an injury to the person of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this State, must be brought in the county in which the defendant resides, or in which the injury is done." At common law such actions were transitory. It is suggested in the note to this section in Bullitt's Code that it was adopted because plaintiffs in such cases often awaited opportunities to sue in localities believed to be favorable to themselves. For appellant it is contended that section 74 does not apply to cases of injury to person, where the injury was the result of a breach of contract. There is no doubt that the words "action for an injury to the person," as generally used, include not only such injuries as result from trespass, but also such as result from a breach of contract obligation; and in Winnegar's Adm'r v. Railway Co., 85 Ky., 547, (4 S. W., 237), in an opinion by Judge Pryor,

this court seems to have held that an action "for a per-
sonal injury growing out of the violation of the obli-
gation on the part of the appellee to carry the intestate
while on its cars to his place of destination when paid
or offered to be paid the regular fare," was included un-
der section 10, Kentucky Statutes, which provides: "No
right of action for personal injury, or injury to personal
or real estate, shall cease or die with the person injur-
ing or the person injured, except actions for assault and
battery, slander, criminal conversation, and so much of the
action for malicious prosecution as is intended to recover
for the personal injury; but for any injury other than those
excepted, an action may be brought or revived by the per-
sonal representative or against the personal representa-
tive, heir or devisee, in the same manner as causes of ac-
tion founded on contract." But the decision in the Win-
negar case may have been based upon the fact that "at
common law torts to the person survived when the action
could be framed in form *ex contractu*." But in Menifee v.
Alexander (Ky.) 53 S. W., 653, (21 Ky. L. R., 980) the
exact language used in section 74 was construed
not to apply to an action against a physician
for negligence or want of skill in the treatment
of patients. In that case the question for decision
was the proper construction of sections 2515 and 2516,
Kentucky Statutes, section 2515 being the five-year stat-
ute of limitations, which provides expressly for "an action
upon a contract not in writing, signed by the party, ex-
press or implied;" and section 2516 being the one-year
statute, which applies to "an action for an injury to the
person of the plaintiff." It was held that all those causes
of action for which *assumpsit* lay at common law were
covered by section 2515, providing the bar of five years,
and the court, through Judge Hobson, discussing section

Wood v. Downing's Admr.

2516, said: "The question presented is whether the words. 'an action for an injury to the person of the plaintiff' in this section cover an action against a physician for neg· ligence or want of skill in the treatment of a patient.. . . . 'In actions for official or professional negligence the cause of action is founded in the breach of duty which actually injured the plaintiff, and not on the consequential damages.' 2 Greenl. Ev., section 437. The phrase, 'an action for an injury to the person of the plaintiff,' in the statute quoted, refers to those cases where the personal injury is the gist of the action; such as actions for assault and battery, and the like. If a druggist should sell a man poison for a harmless medicine, the suit for damages. therefor would not be an action for injury to the person, although great suffering or loss of health had resulted from it. The limitation to an action against a physician for improperly treating his patient is the same as that in a like action against an attorney, a teacher, or a mechanic for negligence in the discharge of a duty as· sumed by them. In Ang. Lim., section 71, it is said: 'The action of *assumpsit* lies to recover damages for con· sequential wrongs or torts, which, though they are *ex delicto*, are *quasi ex contractu;* and they arise from mal-feasance, or doing what the defendant ought not to do; nonfeasance, or not doing what he ought to do; and mis-feasance, or doing what he ought to do improperly.' All these causes of action for which *assumpsit* lay at common law are covered by section 2515 of the Kentucky Statutes, which allows actions on implied contracts or for injuries to the rights of the plaintiff not arising on contract, and not otherwise provided for, to be commenced within five years next after the cause of action accrued. Kinnison v. Carpenter, 9 Bush, 599." The reasoning of this opinion

would seem to be equally applicable to the case at bar, and we are of opinion that the venue of actions of this character, where the gist of the action is not the consequential injury, but the breach of the contract, is not governed by section 74 of the Code, but by section 78 as to the venue of transitory actions, which provides that "an action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant or in which one of several defendants who may be properly joined as such in the action, resides or is summoned." For the reasons given, the judgment is reversed, and cause remanded, with directions to set aside the order overruling the demurrer to the answer and dismissing the petition, and for further proceedings consistent herewith.

Whole court sitting.