## Guess v. Linton.

(Decided November 18, 1930.)

C. C. GRASSHAM and JOHN W. BLUE, JR., for appellant.

JOHN C. GATES and WHEELER & HUGHES for appellee.

88

Opinion of the Court by Judge Logan—Affirming.

The appellant instituted suit against the appellee seeking to recover damages for an alleged unskillful and negligent operation performed on his hand by appellee. This suit was instituted more than one year after the operation, and the sole question for determination is whether the action was barred under the provisions of section 2516, Ky. Statutes, which provides that such an action must be instituted within one year. It is the contention of appellant that section 2516, Ky. Statutes, is unconstitutional because the act is violative of section 51 of the Constitution. The basis for this contention is that the title to the act did not name both the chapter and the section of statute which it was proposed to amend when section 2516 was amended and re-enacted. It has been so often held by this court that a reference to the particular section to be amended giving the number of the section in Ky. Stats. was a sufficient compliance with section 51 of the Constitution that it is unnecessary to do more than refer to a few of the cases. Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017; Morrison v. Com., 197 Ky. 107, 246 S. W. 128; Barnett v. Caldwell, 231 Ky. 514, 21 S. W. (2d) 838; Jefferson County v. Cole, 204 Ky. 27, 263 S. W. 1114.

It is feebly contended by appellant that the five-year statute of limitations applies to this kind of action instead of the one-year statute, and the case of Menefee v. Alexander, 107 Ky. 279, 53 S. W. 653, 656, 21 Ky. Law Rep. 980, is cited in support of that contention. The opinion in that case was written prior to the amendment of section 2516, Ky. Stats., which now specifically provides that the limitation which bars such an action is one year instead of five years.

Judgment affirmed.