## Howard v. Middlesborough Hospital et al.

(Decided March 4, 1932.)

R. L. POPE and J. H. TAYLOR for appellant.

W. T. DAVIS for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant instituted suit against the appellees for the alleged unskillful and negligent manner of operating its hospital, when, by reason of appellees' inattention and negligence, appellant, while a pay patient and delirious therein, was permitted to leap from the window of his third-story room in this hospital and which directly resulted in appellant's serious and permanent injury, for which, in this action, recovery of damages is sought.

By the averments of appellant's petition and amended petition, it appears that the defendant hospital was duly incorporated and operated for profit, and, further, that the codefendants, Drs. U. G. Brummitt, C. K. Broshears, and Jacob Schultz, were in charge and control of the operation and management thereof.

It is further averred by plaintiff that he was, in June, 1929, and just prior thereto, employed as a miner by the Southern Mining Company at Insull, Bell county, Ky., and that, pursuant to the custom of the said mining company and its employees, a certain amount of appellant's monthly wages was reserved by the company and applied, by their agreement, to providing a hospital fund for its employees, which the mining company had used in contracting with the defendants to receive in its hospital and there properly nurse, attend, and treat any and all of its employees who, by reason of sickness or accident while such, might become in need of such hospitalization, nursing, and medical treatment; that, pursuant to this contract made for his benefit, the appellant, upon becoming critically ill in June, 1929, was ordered taken to the defendant hospital, when delirous and in such a state of critical illness as to be unable to realize the danger to him of rash action thus arising through his delirium, but which was well known to the defendants, who, upon receiving him into said hospital in such condition, agreed to properly care for, nurse, and treat the plaintiff according to the exigencies of his case, but, notwithstanding such undertaking, the defendants, through gross negligence, failed to perform their undertaking, and that, by reason of their breach of this assumed duty, appellant was permitted on June 21, 1929, while in delirium, to jump from the window of his three-story room and fell with such force as thereby to incur permanent and serious injury to his person. For this injury to his person,

alleged to have directly resulted from appellees' negligence and breach of contract, plaintiff filed his suit on November 14, 1930, or more than one year after his cause of action accrued, in the Bell circuit court to recover damages thus suffered by him.

The defendants answered traversing the allegations of the petitions and pleaded the one-year statute of limitations in bar of the appellant's alleged right of action, as set out in his petition and amended petition, and to these pleas of limitation the appellant demurred. The court, having overruled his demurrers, did further, upon his declining to plead further, dismiss his action. Seeking a review and reversal of this judgment dismissing his petition, and petition as amended, he complains that the ruling of the trial court was erroneous in holding that the one-year statute of limitations, or section 2516 of the Kentucky Statutes, applied rather than section 2515, or contract statute, providing that "an action upon a contract not in writing, signed by the party, express or implied," and "an action for the injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated . . . shall be commenced within five years after the cause of action accrued."

The sole question presented for determination upon this appeal is whether appellant's action, seeking damages for injury to his person, was barred under section 2516, providing that "an action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice, or servant, or for injuries to persons, cattle or stock, by railroads, or by any company or corporation . . . shall be commenced within one year next after the cause of action accrued, and not thereafter."

It is admitted that appellant's action is barred if the latter and not barred if the former section of the limitations statute applies to personal injury cases of this class.

The appellant contends in his brief that this action is not based on tort, but is one brought in assumpsit, and that the court should look to the wording of the allegations of his petition to see that it is thus one ex contractu, and that appellant had the right of election to maintain it as one in tort or in contract, when the provisions of section 2515 of Kentucky Statutes, or the five-year contract statute of limitations, as above quoted, would apply.

He cites as authority supporting him in this position the cases of Menifee v. Alexander, 107 Ky. 279, 53 S. W. 653, 21 Ky. Law Rep. 980, and Wood v. Downing, 110 Ky. 656, 62 S. W. 487, 23 Ky. Law Rep. 62, wherein it was held by this court that an action against a physician for malpractice is not "an action for an injury to the person," within the meaning and intent of section 2516, requiring such an action to be brought within one year after the cause of action accrued, but is rather an action for the breach of a duty assumed by defendant, for which assumpsit lay at common law, and therefore properly comes under section 2515, which allows "action on implied contracts, or for injuries to the rights of plaintiff not arising on contract, and not otherwise provided for, to be commenced within five years."

The rule thus announced in these two cases, supra, was later in 1908, and before the amendment of section 2516, considered and approved by the court in the case of Western Union Telegraph Co. v. Witt, 110 S. W. 889, 891, 33 Ky. Law Rep. 685, where, in an opinion delivered by Judge Carroll, in discussing the principle of these cases, it said: "It was held that the cause of action had its origin in a breach of duty committed by Alexander, who in undertaking to afford medical treatment to Menifee impliedly undertook that he was reasonably well qualified to perform the service, and that his failure to exercise reasonable skill was a violation of a contract duty that he assumed. . . . Although the reasoning of this opinion and the conclusion reached is vigorously attacked as unsound, a re-examination of the question satisfies us of its correctness. The conclusion reached naturally follows from the well-grounded assumption that the cause of action originated in a breach of duty flowing from a contract relation, and the resulting damage had its foundation in the contract rather than in the injury to the person."

A thorough annotation of the multifold authorities bearing on this question can be found in volume 1 of A. L. R. 1311-1318, and its further and later annotation in 62 A. L. R., pages 1417 and 1418, where the case of Hickey v. Slattery, 103 Conn. 716, 131 A. 558, 559, is cited and wherein the court said:

"The cause of action for negligence stated in the second count was barred, unless the action was

begun within the time fixed by the statute. That fact would not, however, bar the cause of action stated in the first count; for two distinct causes of action may arise out of one delict, and where that occurs each is governed by the statute of limitations appropriate to it.''

Also, in the case of Patterson v. Augusta & S. R. Co., 94 Ga. 140, 21 S. E. 283, 284, it was declared:

''Where a person makes a contract of this kind with a common carrier, and he is injured by the negligence of the carrier, he has two remedies,—one an action for the breach of contract, the other an action on the case for the wrong,—and he may elect which remedy he will pursue. If he elects to bring an action for the breach of contract, he has, under the Code, four years within which to bring it; if he elects to sue upon the tort, he has two years.''

And further it is therein noted the case of Crawford v. Duncan, 61 Cal. App. 647, 216 P. 573, where, in an action against a physician for breach of an alleged oral agreement, whereby he warranted that his radium treatments would not leave a permanent scar, it was held that the statute of limitations applicable was not a one-year statute relating to ''injury to or for the death of one, caused by the wrongful act or neglect of another,'' but a two-year statute, relating, among other things, to parol contracts.

Also, the rule as to limitation of actions of the class of the instant case is thus discussed in 17 R. C. L. 733:

''Different statutes of limitation may apply to proceedings based on contracts and on torts. Cases may arise on the borderland between these two domains of jurisprudence when it is difficult to determine whether the cause of action should be regarded as based on negligence, rather than on breach of contract. Not infrequently a litigant has a choice of remedy and may waive the tort involved in his cause of action and sue in assumpsit. When this is done the limitation period fixed by the statute for actions of assumpsit generally applies to the action which is brought in that form, although in adopting it the plaintiff waives a tort. Statutes sometimes provide special limitation periods for injuries to the per-

son, and it becomes necessary to determine the scope of these words and to decide whether a particular cause of action constitutes such an injury.''

Appellant contends that an examination of the allegations of his petition shows his election to bring his suit in assumpsit or for brᵣ .ch of contract, and that he waived any tort action that he may have had under the statutes, and therefore that the applicable statute of limitations was section 2515, providing five years as the period within which such actions may be instituted, and further cites as authority for his position 21 R. C. L., page 400, where it is stated:

> "It has been said that as the action for malpractice is tortious in its nature the statute of limitations for torts should apply, but probably the majority of jurisdictions would hold that, since a recovery may be had either in contract or tort, either statute of limitations will be applied, depending in each instance on whether the patient has brought suit in assumpsit or on the case. . . ."

It is to be noted, however, in connection with this contention of appellant as to the rule of law established by the Menifee and Wood cases, supra, that the construction therein given by the court to section 2516 of the statutes, providing a one-year period of limitation, was that it did not apply to actions seeking recovery of damages for injuries to the person, where, by election, they were brought in assumpsit or ex contractu, as in the cases named, for breach of contract, but that in such actions, the tort being waived, section 2515, the contract statute, would apply; but soon after this court had so interpreted and construed section 2516 as not applicable to the injury to the person action, where brought by election in assumpsit, but the Legislature did thereafter amend section 2516 of the statutes as thus construed, by an amendatory act of March, 1916, chapter 92, page 639, of said 1916 Acts, whereby it enacted:

> "That Section 2516 of the Kentucky Statutes be amended by adding thereto the following words:
> " 'An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant, or for injuries to persons, caused by the negligence or malpractice of any physician or sur-

geon, shall be commenced within one year next after the cause of action accrued, and not thereafter.' "

This section 2516 of the statutes, as now so amended, was lately considered by this court in the recent case of Guess v. Linton, 236 Ky. 87, 32 S. W. (2d) 718, 719, wherein an action was brought seeking to recover damages for an alleged and unskillful operation. In this opinion, the court said:

"It is feebly contended by appellant that the five-year statute of limitations applies to this kind of action instead of the one-year statute, and the case of Menifee v. Alexander, 107 Ky. 279, 53 S. W. 653, 656, 21 Ky. Law Rep. 980, is cited in support of that contention. The opinion in that case was written prior to the amendment of section 2516, Ky. Stats., which now specifically provides that the limitation which bars such an action is one year instead of five years."

Appellant strongly argues in support of his position that the five-year statute, section 2515, is the applicable and controlling statute of the case at bar, substantially upon the ground that he has so amended his petition as to make his case now sound in contract and not in tort, and that, because he has thus based his claim on assumpsit, it is no longer one for malpractice, but rather one seeking damages for breach of a contract duty.

This contention of appellant we consider is without merit, as we are of the opinion that the Legislature meant and intended, by such amendment of section 2516, to so effectually declare its intent and legislative construction of this section as to set aside the construction placed thereon by the rule as laid down by the court in the Menifee v. Alexander case, supra, and by its amendment of section 2516 make the same effectual and applicable to all "injury to the person" cases of this general character, and to limit the time of bringing such actions to within one year from the time such cause of action accrued and which period of limitation applicable thereto was not to be extended by the evasive method of electing to declare in assumpsit when seeking recovery of damages therefor. We are, therefore, unwilling to further extend the principle of the Menifee v. Alexander case, and others of this court following it, supra, as we con-

sider the 1916 amendment of section 2516, extending its limitation period of one year "so as to expressly include negligence and malpractice suits for injuries to the person," and the later interpretation of said section, as amended, so held and declared by this court in the Guess v. Linton case, supra.

We are further influenced in reaching this conclusion by the force and persuasive reasoning found in the authorities holding, what is termed, the majority rule and which is the conclusion we have reached herein. We thus find our views as to section 2516 as being the applicable statute of limitations in the instant case, in accord with the rule announced in the late case of Mrs. Mollie Bodne v. Dr. J. L. Austin, 156 Tenn. 353, 2 S. W. (2d) 100, 62 A. L. R. 1410, where it was sought to hold a dentist liable in damages for injuries through negligent performance of his undertaking to extract a tooth. In that case it was held the time "for bringing an action for injuries to the person" to one year applied, whether the action was founded on contract or on tort. The court, in a very strong opinion, from which with approval we quote at length, extensively reviewed the cases and rules declared therein by very numerous authorities bearing on this question:

"It is assumed in much of the discussion that the decision turns upon whether the action is in contract or ex delicto, grounded on the wrong. However, this court is of opinion that this is not determinative; that, conceding that in given malpractice cases there may be two independent causes of action, (1) breach of a contract, and (2) negligence constituting a tort, and conceding further, as quite generally held, that the right of election ordinarily exists as between these two causes of action, nevertheless, the effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person. In this view and construction of our statutes the question as to whether the ground or cause of the action is ex contractu or ex delicto, treated as vital in much of the discussion in the authorities, becomes nondeterminative here. The pertinent inquiry becomes, in each case as presented, whether or not, on the facts alleged, the defendant has inflicted injuries to the person, on account of which recov-

ery is sought. The reasoning and holding in the recent case of Klingbeil v. Saucerman, 165 Wis. 60, 160 N. W. 1051, reported in 1 A. L. R. 1312, and accompanied by a full note, is much in point. We quote fully from that opinion as follows:

" 'It is stated in Frechette v. Ravn, 145 Wis. 589, 130 N. W. 453, that an action in tort for malpractice was "plainly one to recover damages for injuries to the person." Why? Because defendant's conduct resulted in an injury to the person of plaintiff. If it did so because of the tort, which consisted in a breach of duty created by law, it is difficult to see why it does not do so when the same identical conduct produces the same identical result, though the complaint charges the breach of a duty created by contract between the parties instead of the breach of a duty created by law. Damages may flow from the breach of both duties, and likewise an injury to the person may result from the breach of a contract as well as from a tort. Where, as in malpractice, there is an option to sue in tort or on contract, each cause of action is grounded upon the same identical acts of the defendant, namely, his failure to exercise the proper skill or care, or both. The very same conduct gives plaintiff his option as to remedies. Hence, if defendant's conduct, when sued in tort, gives rise to an action for injuries to the person, the very same conduct must give rise to the same kind of action when sued on contract. The word "action," as used in the statute, has reference to the subject-matter or nature thereof, not its form as a matter of remedial procedure. Whether it be in tort or on contract, it is an action to recover damages for injuries to the person, and comes alike under the terms of the statute, since the phrase therein, "no action to recover damages for injuries to the person," refers to bodily injuries, and not to injuries to feelings. Wysocki v. Wisconsin Lakes Ice & Cartage Co., 125 Wis. 638, 104 N. W. 707. . . . The words, "action to recover damages for an injury to the person," mean an action brought on account of or by reason of bodily injury inflicted upon a human being. . . .

"In the same volume of A. L. R., on page 1314, the annotator says: 'Where a statute limits the time

in which an action for "injuries to the person" may be brought, the statute is applicable to all actions, the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu.' . . .

"The language of the one-year statute, 'all actions for . . . injuries to the person,' has application whenever the action is one by which it is sought to recover damages for injuries inflicted upon the person, and is not only justified by a natural and plausible interpretation of the language employed, but also by what is conceived to be a practical construction heretofore quite generally given to the statute by the profession and the holdings of trial courts; and further, perhaps, by the probable purpose of the lawmakers to thus limit the bringing of actions, the disposition of which involves the production of evidence in its nature particularly difficult to perpetuate and easy to manufacture, or manipulate after a lapse of years."

In accord both with the reasoning and considerations of policy declared in this opinion as quoted, we conclude that section 2516 Kentucky Statutes, as amended by Act of March, 1916, limits the time in which an action for damages "for injuries to the person" may be brought to within one year next after the cause of action accrued, and is the applicable statute and the one controlling the appellant's case at bar, seeking damages for "an injury to the person," and is applicable alike, whether considered as an action based upon contract or one in tort, and that section 2516 applies in preference to the general contract statute, section 2515, limiting to five years the time for bringing actions ex contractu. We are, therefore, of opinion that the trial court did not err in overruling the appellant's demurrer to the appellee corporation's pleading of section 2516, or one-year statute of limitations, in bar to appellant's right of action, nor in overruling his demurrer to the like limitation pleas of the codefendants, Drs. U. G. Brummitt, C. K. Broshears, and Jacob Schultz.

Therefore, for the reasons indicated, the judgment dismissing plaintiff's suit must be, and is, affirmed.