## Roush v. Wolfe.

(Decided March 25, 1932.)

WOODWARD, HAMILTON & HOBSON for appellant.

L. R. CURTIS and HUFFAKER, HOGAN & BERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Affirming.

Appellant, who was plaintiff below, on October 4, 1930, brought this suit against the appellee, a licensed and practicing physician of the city of Louisville, and in his petition averred that in September, 1929, he employed the appellee and the appellee agreed for compensation to remove appellant's tonsils, and that, in conformity with this contract, the appellee, on September 3, 1929, performed an operation on appellant by which he pretended to remove the appellant's tonsils, but in truth and fact did not, and that after the operation appellee informed appellant that he had removed appellant's tonsils. Appellant further averred that, by reason of the appellee's failure to remove the tonsils, he had been damaged to the extent of the money he had expended for the operation, which appellee did perform, and for the time lost while he was disabled as a result of the operation performed, and in general damages for the physical pain and mental anguish he suffered as the result of appellee's failure to remove the tonsils. The appellee filed his answer in three paragraphs, the first of which was a traverse, the second, a plea of contributory negligence, and the third setting up the one-year statute of limitations. Appellant demurred to paragraph 3 of the answer, and on the demurrer being overruled, and the case being submitted to the court on the pleadings, the court dismissed appellant's petition, and, from the judgment so entered, this appeal is prosecuted.

This case was treated in the court below and is briefed in this court solely on the question whether or not the action was barred by the one-year statute of limitations. If so, it is conceded the action of the trial court in dismissing the petition was right, but, if not, the judgment should be reversed. By chapter 92 of the Acts of 1916, section 2516 of the Kentucky Statutes, the one-year statute of limitations, was amended by the Legislature to meet the opinions of this court in Menefee v. Alex-

ander, 107 Ky. 279, 53 S. W. 653, 21 Ky. Law Rep. 980, and Wood v. Downing's Admr., 110 Ky. 656, 62 S. W. 487, 23 Ky. Law Rep. 62, and the cases which followed those opinions. These cases held that an action against a physician for malpractice was one ex contractu and governed by the five-year statute of limitations rather than the one-year statute of limitations applicable to actions for injuries to the person. Section 2516 supra. By the amendment of 1916, it was expressly provided that "an action against any physician or surgeon for negligence or malpractice" shall be commenced within one year next after the cause of action accrued and not thereafter. Appellant insists, however, that his petition in the instant case is not one for malpractice, but for failure of the physician, the appellee, to carry out the contract he made to remove appellant's tonsils, which, being so, it is an action ex contractu, and does not come within the 1916 amendment to section 2516 of the Statutes. Though couched in language sounding in contract, and although in the petition now under consideration, neither lack of skill nor negligence is charged, yet the basis of the charge is improper performance of the work undertaken by the appellee to the personal injury of the appellant. Appellant does not rest his claim on the fact that appellee failed to perform any operation or to enter into the treatment of appellant's malady after he had contracted to do so, but is grounded on the fact that, although he undertook to perform an operation after having contracted to do so, he failed to remove the tonsils to the personal injury of the appellant.

In the case of Schmit v. Esser, 183 Minn. 354, 236 N. W. 622, 625, 74 A. L. R. 1312, the court, in defining what was malpractice within the meaning of a limitation statute similar to the one here involved, said: "Negligent failure to treat an injury at a time when the need of treatment is known to the attending physician and there is opportunity to apply proper treatment amounts to the same as negligent treatment." The cases of Horrowitz v. Bogart, 218 App. Div. 158, 217 N. Y. S. 881, 882, and Barnhoff v. Aldridge (Mo. Sup.), 38 S. W. (2d) 1029, 1030, 74 A. L. R. 1252, are on all fours with the instant case, and in each of them it was held that the action was barred by the malpractice statute of limitations and was not governed by limitations applicable to action ex contractu. In the Horowitz case, the complaint averred that the plaintiff, while suffering from a duodenal ulcer,

contracted with the defendant physician to perform a surgical operation on him for the purpose of removing such ulcer, that the physician performed an operation, but, instead of removing the ulcer, removed the appendix, and that thereafter and as a result thereof the plaintiff suffered great pain and anguish. The court stated that the sole question before it was whether the complaint set forth a cause of action for breach of contract or one for malpractice, and held that it was one for malpractice. The court said:

> "The nature of the charge of malpractice is not changed by failing to sufficiently state it in necessary detail, or by putting it in language suitable to the statement of a cause of action on contract, omitting the usual allegations as to absence of skill and negligence."

In the Barnhoff case, the petition averred that the plaintiff was suffering from gall bladder trouble and employed the defendant physician to remove her gall bladder; that he undertook to and did operate upon the plaintiff, but, instead of removing the gall bladder, cut into her back and lifted one of her kidneys, and that, as a result of his work and of his failure to remove the gall bladder, she suffered great pain and anguish. The question there, as here, was whether the action was barred by the malpractice statute of limitations and there, as here, the plaintiff argued that the cause of action was one ex contractu for damages for the breach of an express contract and not one for malpractice. The court stated that it observed that, in her petition, the plaintiff omitted the usual allegations made in a malpractice case as to negligence or lack of skill, but observed that the nature of the charge was not changed by failing to state it in detail. We quote from the opinion:

> "We think it is obvious that, though the petition in the instant case alleges an express contract between the parties, the gravamen or gist of the action is defendant's wrongful act. . . . The limitation is not determined by the form of the action, but by its object. The improper performance by a physician or surgeon of the duties devolved and incumbent upon him and the services undertaken by him, whether same be said to be under a contractual relationship with the patient arising

out of either an express or implied contract or the obligation imposed by law under a consensual relationship, whereby the patient is injured in body and health, is malpractice, and any action for damages, regardless of the form thereof, based upon such improper act, comes within the inhibition of the two-year statute of limitation.''

And so here. The appellee did perform an operation in the attempt to carry out the engagement he had made with the appellant, but, in doing so, failed to remove the tonsils as he had agreed to do. His failure resulted in personal injury and suffering to appellant, and it is for this, in addition to the expenses of the operation performed, that the appellant seeks damages. The gravamen or gist of appellant's action is the appellee's wrongful act in failing to remove the tonsils in the course of the operation he had undertaken to perform. The improper performance by the appellee of the operation he did make was malpractice, and, being such, appellant's cause of action was governed by the 1916 amendment to section 2516 of the Statutes. Hence the lower court did not err in overruling the appellant's demurrer to the third paragraph of the answer and in later dismissing the petition on the submission of the case on the pleadings.

The judgment is affirmed.