## COLUMBUS MINING CO. v. WALKER.

Court of Appeals of Kentucky.

May 21, 1954.

Rehearing Denied Oct. 15, 1954.

Craft & Stanfill, Hazard, for appellant.

D. G. Boleyn, Hazard, for appellee.

DUNCAN, Judge.

This appeal is from a judgment for $7,000 in favor of appellee for disability resulting from silicosis allegedly contracted while employed in appellant's mine. Although operating under the Workmen's Compensation Act generally, KRS 342.-001 et seq., the parties had not accepted the provisions of the silicosis section of the Act, and the provisions of the Workmen's Compensation Act relating to silicosis are not applicable. The case turns upon the plea of the statute of limitations, and we shall not discuss other questions.

Appellee was employed in appellant's mine for a period of approximately twelve years, ending on November 17, 1949. This

action was instituted on January 29, 1951. In an effort to avoid the application of the one-year statute of limitations, KRS 413.-140, appellee's action is predicated on a breach of appellant's oral contract of employment, and the petition alleges that appellant breached its contract by failing to furnish a reasonably safe place in which to work, and that by reason of such failure appellee contracted the disease of silicosis through the inhalation of silica dust which was present in the mine. The first question we have to determine is whether or not the one or five-year statute of limitations is applicable.

Appellee relies upon Menefee v. Alexander, 107 Ky. 279, 53 S.W. 653; Wood v. Downing's Adm'r, 110 Ky. 656, 62 S.W. 487, and Western Union Tel. Co. v. Witt, 110 S.W. 889, 33 Ky.Law Rep. 685, in support of his position that where the tort is waived and the action is based upon an implied contract the limitation period relating to actions ex contractu should prevail. The cited cases support appellee's position, but it is significant that these opinions were all rendered prior to the 1916 Amendment to the one-year statute.

Appellee insists that the 1916 Amendment applies only to actions against a physician or surgeon for negligence or malpractice in the performance of professional services and does not have the effect of changing the rule in other actions which might conceivably be founded on either contract or tort.

One of the first cases decided by this Court after the 1916 Amendment was Howard v. Middlesborough Hospital, 242 Ky. 602, 47 S.W.2d 77, which was an action sounding in contract against the hospital and those responsible for its operation for failing to exercise the proper care in restraining Howard from jumping from a third-story window while a patient in the hospital. Although the action was not one for negligence or malpractice of a physician or surgeon in the performance of professional services, it was held that in view of the 1916 Amendment the rule in the Menefee case was no longer applicable.

Since that time, this Court has many times recognized that the period of limitation is not determined solely by the form which an action assumes. It is true that most of these cases involved malpractice actions against physicians or surgeons, but it now seems reasonably clear both in this jurisdiction and most of the other states that the object rather than the form of the action shall control in determining the limitation period. The rule is stated in 34 Am. Jur., Limitation of Actions, Section 103, Page 84, as follows:

"* * * it is generally held that where a statute limits the time in which an action for 'injuries to the person' may be brought, the statute is applicable to all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu."

Most of the cases which at first glance might be thought to support the view that such statutes do not apply to actions ex contractu are distinguishable because they involve a construction of limitation statutes in which the context clearly indicates that they are applicable only in tort actions.

As indicating the extent to which this Court has gone in looking to the object rather than the form of the action, we held in Cook v. John N. Norton Memorial Infirmary, 180 Ky. 331, 202 S.W. 874, L.R.A. 1918E, 647, and Forrest v. Red Cross Hospital, Inc., Ky., 265 S.W.2d 80, that the actions, although in form ex contractu, were barred under the rule that a charitable hospital is not liable to a patient for its tort. We have no trouble in concluding, therefore, that the one-year statute is applicable in this case.

The next question in issue is the date from which the statute of limitations should be computed. Appellee insists that the statute began to run when the disease was finally diagnosed as silicosis, which date is within a year prior to the filing of the action. Appellant insists that the stat-

utory period should be computed from the time of appellee's last employment and if that date is used, the action is barred.

The silicosis section of the Workmen's Compensation Act provides that the time within which claims must be filed shall be computed from the date of the last exposure to the hazards of the disease. However, as we have indicated, the provisions of the Compensation Act are not necessarily controlling in this action. There are no cases in Kentucky upon the question.

In Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287, 200 N.E. 824, 827, 104 A.L.R. 450, the plaintiff alleged that while employed by the defendant he inhaled foreign substances in the form of dust, as a result of which he contracted a disease known as pneumoconiosis. The New York Court computed the period of limitation from the date of the plaintiff's last exposure. It was there said:

"The statute of limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The Legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims. The problem created by the slow onset of the disease of pneumoconiosis or silicosis has been considered by the courts of other jurisdictions. They have given to statutes of limitations their intended effect as statutes of repose and have held that a cause of action sounding in negligence accrues at the time when through lack of care by an employer, deleterious substances enter the lungs of an employee though the development of consequential damages may be long delayed."

If the limitation period is computed from the time the disease is diagnosed or the results of the exposure are apparent, the filing of an action might well be delayed for an indefinite number of years following the exposure. The disease resulting from the exposure might be delayed or even averted; but since the basis of the action is the employer's wrongful conduct in not maintaining a safe place of employment, the commencement of the running of the statute should not be delayed beyond the date upon which the employee was last exposed. To hold otherwise would promote the prosecution of stale claims against the intent and spirit of statutes of limitations.

The appellee, in support of his position that the statute should be computed from the time of the diagnosis of the disease, relies upon Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282. There, some of the language of the majority opinion indicates that the limitation period should be computed from the time the disease of silicosis was diagnosed. However, in that case, the last exposure was well within the statutory period and the Court was faced with a choice of applying the diagnosis date or some unrecorded time within the period of employment. It was there argued that the disease might have been contracted long before the plaintiff became unable to work, and the Court recognized the practical impossibility of fixing a definite time within the period of employment at which the deleterious substances were inhaled. The choice there was not, as in the present case, between the date of last exposure and the date of diagnosis.

We think the period of limitation should be computed from the date when appellee was last employed by appellant. By reference to that date, this action is barred by the one-year statute of limitations.

For the reasons indicated, the judgment of the lower court is reversed for proceedings consistent with this opinion.