Coy JONES and wife, Violet M. Jones,
Appellants,

v.

Dr. Dale FURNELL, Appellee.

Court of Appeals of Kentucky.

April 29, 1966.

Rehearing Denied Oct. 7, 1966.

Farland Robbins, Mayfield, for appellants.

Francis T. Goheen, Goheen, Schultz, Shelbourne & Yaffe, Paducah, for appellee.

DAVIS, Commissioner.

In this malpractice action appellant Coy Jones sought damages against appellee Dr. Dale Furnell, and appellant Violet M. Jones, wife of Coy Jones, sought damages for loss of consortium. The trial court dismissed the action as to both appellants on the ground that the claims were barred by the

one-year statute of limitation. KRS 413.-140(1) (e). As respects the claim of the wife, the trial court ruled that no recovery could be had by her on her claim for loss of consortium anyway.

The appellants contend that (1) the contract statute of limitation (five years) is applicable because of appellee's warranty to effect a cure, achieve a specific result or use a particular medical procedure; (2) a tendered amended complaint was erroneously rejected; (3) Kentucky should change the existing rule and allow a wife to recover for loss of consortium, and (4) the facts at bar warrant the wife's recovering for loss of consortium even under existing Kentucky decisions.

Since this proceeding was disposed of upon the pleadings, we will treat as true the factual allegations made by appellants. In summary, appellants alleged that early in 1962 Coy Jones consulted Dr. Furnell with regard to a constant pain suffered by Jones. The doctor advised Jones that he could clip a nerve in Jones' back and relieve the pain; that the procedure was a minor one and would not cause Jones to lose more than three or four days from work. Jones averred that the doctor did not inform him that it would be necessary to cut any sections from any ribs. On February 8, 1962, appellee performed an operative procedure upon Coy Jones, and while Jones was anesthetized the doctor removed two sections from appellant's 8th and 9th ribs and clipped the wrong nerve by careless mistake. Since the wrong nerve had been cut, the pain to Jones continued unabated, so appellee " * * * apologized for and reported to the plaintiff (Jones) that he cut the wrong ribs and nerves (sic) and that in order to cut the nerve intended it would be necessary to perform another operation * * *." Accordingly, another operation was performed on February 10, 1962, during which two sections were removed from the 6th and 7th ribs and more nerves clipped. It is alleged that in the course of both operations the appellee cut a total of four nerves instead of one,

and that the pain which Jones had suffered was in no way alleviated by the operations.

Appellants specifically pleaded that appellee by "special contract" agreed with Coy Jones that appellee would " * * * clip plaintiff's 7th intercostal nerve * * *" but that appellee failed, in the February 8th operation, to clip that nerve, but clipped other nerves and cut out rib sections. The complaint, as amended, asserts that the appellee " * * * represented that he could and would relieve by such operations * * *" the pain theretofore suffered by Coy Jones, but the pain has not been relieved.

The present action was not filed until February 23, 1963, more than a year after the second operation. Appellants concede that KRS 413.140(1) (e) is a bar to a malpractice action premised upon negligence alone, but insist that the five year limitation period is applicable here because of the alleged special contract. KRS 413.-120(1). Heavy reliance is placed upon Noel v. Proud, 189 Kan. 6, 367 P.2d 61, and other authorities of like import. The question at hand is the subject of an exhaustive annotation. 80 A.L.R.2d 320, et seq. It is not a novel one in this jurisdiction. See Roush v. Wolfe, 243 Ky. 180, 47 S.W.2d 1021; Howard v. Middlesborough Hospital, 242 Ky. 602, 47 S.W.2d 77; Guess v. Linton, 236 Ky. 87, 32 S.W.2d 718; Columbus Mining Co. v. Walker, Ky., 271 S.W.2d 276; Carr v. Texas Eastern Transmission Corporation, Ky., 344 S.W.2d 619. While we respect the views of sister jurisdictions to the contrary, we remain convinced of the soundness of the rule as enunciated in our just cited decisions. The rule is declared in 80 A.L.R.2d, pp. 326–327:

> "The weight of authority is to the effect that ordinarily a malpractice action is subject to the time limitations provided in statutes for actions in tort or malpractice, irrespective of any allegations or evidence tending to show a contract for treatment."

It is significant, we think, that KRS 413.140(1) (e) in fixing a limitation period of one year uses this language:

"An action against a physician or surgeon for negligence or malpractice."

■ It seems apparent that the Legislature did not regard "negligence" and "malpractice" as synonymous. When a physician or surgeon engages to perform professional services for a patient the law imposes upon him the duty to use reasonable skill and care for the safety and well-being of the patient. Incorporated in this legal responsibility is the physician's liability for want of the requisite knowledge and skill as well as for the doctor's negligence. See 41 Am.Jur., Physicians and Surgeons, Sec. 79, p. 198. In our view, it becomes academic whether the gravamen of the cause of action stems from negligence or contract, express or implied— in final analysis the claim for damages is based upon "malpractice." We are persuaded to the view expressed in the dissenting opinion by Price, J., Noel v. Proud, 189 Kan. 6, 367 P.2d 61, 67, in which it is written:

"In my opinion—looking through form to substance—such allegations amount to nothing more than that the physician either did not know what he was talking about or else was guilty of giving bad medical advice—when he made such statement—and therefore was guilty of negligence amounting to malpractice. Despite the allegations as to 'agreements, promises and warranties,' it seems to me —looking at this matter from a practical and realistic standpoint—that the real contention in this case is that the patient was the victim of 'bad medical advice'—thus rendering the physician guilty of malpractice—in which event the two-year statute of limitations would apply."

■ We conclude that the trial court properly held that the present action was barred by the one-year statute of limitation. KRS 413.140(1) (e).

■ After the trial court had dismissed the action as to both appellants, appellants tendered a second amended complaint but the court refused to allow it to be filed. The gist of the proffered pleading was that the appellee had become a resident of Illinois less than a year after the operations had been done, and that by virtue of certain Illinois statutes and decisions the Illinois laws became applicable to the case at bar. Assuming, without deciding, that the "multiple place of arising" concept would be brought into play by the change of residence to Illinois, we are yet unable to discern how that could affect this action brought in the Kentucky forum. In Seat v. Eastern Greyhound Lines, Inc., Ky., 389 S.W.2d 908, this court held that KRS 413.320 will not serve to enlarge the limitation period for an action filed in Kentucky, but will effect a curtailment of the limitation period if the period applicable in the foreign state is less than ours. But that is beside the point anyway, because this action arose in Kentucky and was prosecuted here. We are completely unable to fathom any basis for resort to conflict of laws principles in this case. Therefore, insofar as the tendered amended complaint sought to interject the Illinois law into the proceedings, it was not a proper pleading and the circuit court correctly refused its being filed.

■ The appellant, Violet M. Jones, invites us to reconsider the rule denying a wife the right to recover for loss of consortium in actions based on negligence. What we have said about this action's being barred by the one-year statute of limitation is applicable to the claim of the wife. The court is not disposed to depart from the views so recently expressed in Baird v. Cincinnati, New Orleans & Texas Pacific R. Co., Ky., 368 S.W.2d 172, as respects the consortium claim. Even if it should be decided (which we do not) that

the action of the appellee in removing rib sections and clipping nerves other than the intended one amounted to an assault, and thereby gave rise to an action for loss of consortium, the one-year statute for malpractice still controls.

The judgment is affirmed.