**Lilly TOMLINSON and Paul Tomlinson, Appellants,**

v.

**John H. SIEHL, Appellee.**

Court of Appeals of Kentucky.

June 5, 1970.

Rehearing Denied Nov. 27, 1970.

Lawrence D. Wichmann, Covington, for appellants.

Frank Benton, Jr., Newport, for appellee.

S. RUSH NICHOLSON, Special Commissioner.

This is a malpractice action filed against the appellee, a physician. The gist of the action is that the appelleee negligently performed a sterilization operation on the married female appellant and that thereafter she became pregnant and suffered mental and physical pain and anguish, and as a result of which her husband incurred and will incur medical expenses, loss of consortium, and incurred and will incur expenses incident to nurturing the child until majority.

The trial court found that the action was barred by the statute of limitations and dismissed the complaint. This appeal followed. We reverse.

The complaint shows on its face that the operation was performed September 24, 1966; that the appellant Lilly Tomlinson became pregnant November 23, 1967; that on December 23, 1967, the appellee examined Mrs. Tomlinson; that on January 19, 1968, Mrs. Tomlinson was again examined by the appellee; that on February 25, 1968, it was first determined Mrs. Tomlinson was pregnant; that on August 16, 1968, a child was born from the pregnancy; and that on November 1, 1968, this action was commenced.

The single question presented on this appeal is whether or not the appellants' cause of action was barred by the statute of limitations.

Before getting to the heart of this question, we should observe that ordinarily the statute of limitations (KRS 413.140 (1) (e)) must be pleaded, and that failure to plead constitutes waiver of the defense of limitation. See Commonwealth v. Chinn, Ky., 350 S.W.2d 622. However, this court has held that where the complaint shows upon its face that it is barred by limitation the question may be reached by motion to dismiss. See Rather v. Allen County War Memorial Hospital, Ky., 429 S.W.2d 860 (1968).

Admittedly the appellants' cause of action is barred if it should have been filed within one year after the date of the operation, which was September 24, 1966. But it is not barred if the cause of action did not accrue until February 5, 1968, the date of discovery of her pregnancy.

It has always been the rule in this state that causes of action such as the present one "accrue" on the date of the operation. See Guess v. Linton, 236 Ky. 87, 32 S.W.2d 718; Roush v. Wolfe, 243 Ky. 180, 47 S.W. 2d 1021; Carter v. Harlan Hospital Association, 265 Ky. 452, 97 S.W.2d 9; Philpot v. Stacy, Ky., 371 S.W.2d 11; Turner v. Rust, Ky., 385 S.W.2d 175; Jones v. Furnell, Ky., 406 S.W.2d 154.

Appellants frankly admit that the foregoing cases represent the law up to now, but they earnestly insist that these cases should be overruled and that the statute of limitations should not begin to run until the discovery of the cause of action.

We are inclined to agree.

In Layton v. Allen, (Del. 1968) 246 A.2d 794, the Supreme Court of Delaware said:

"Where choice must be made between the defendants' problems of lost evidence, faded memories, and missing witnesses on the one hand, and a deprivation to the plaintiff of any and all remedy for the wrong done her, on the other, the law must be construed in favor of the blamelessly ignorant plaintiff and against the interests and convenience of the wrongdoer.

\* \* \* \* \* \*

"Upon the basis of reason and justice, we hold that when an inherently unknowable injury, such as is here involved, has been suffered by one blamelessly ignorant of the act or omission and injury complained of, and the harmful effect thereof develops gradually over a period of time, the injury is sustained \* \* \* when the harmful effect first manifests itself and becomes physically ascertainable."

In Ayers v. Morgan, (1959) 397 Pa. 282, 154 A.2d 788, the Supreme Court of Pennsylvania adopted the "discovery" rule and in doing so said:

"This statute, as all statutes, of course, must be read in the light of reason and common sense. In its application to a given set of circumstances, it must not be made to produce something which the Legislature, as a reasonably-minded body, could never have intended.

\* \* \* \* \* \*

"In this case Ayers became injured when the healthful forces within his body fell over the sponge negligently left by Dr. Morgan on the highway of anatomical normality. Dr. Morgan's actionable negligence stemmed from his failure to timely remove the sponge. This failure constituted a blameworthiness which continued until such time as Ayers learned, or, by the exercise of reasonable diligence, could have learned of the presence of the foreign substance in his body."

California holds that limitation commences to run not from the date of the operation but from the discovery of the injury. See Hundley v. St. Francis Hospital, 161

Cal.App.2d 800, 327 P.2d 131, from which we quote:

"The rule is clear, as to malpractice actions, that 'while the physician-patient relation continues the plaintiff is not ordinarily put on notice of the negligent conduct of the physician upon whose skill, judgment and advice he continues to rely.' Myers v. Stevenson, 125 Cal. App.2d 399, 401–402, 270 P.2d 885, 887. Thus, in the absence of actual discovery of the negligence, the statute does not commence to run during such period (Huysman v. Kirsch, 6 Cal.2d 302, 57 P.2d 908), and this is true even though the condition itself is known to the plaintiff, so long as its negligent cause and its deleterious effect is not discovered (Trombley v. Kolts, 29 Cal.App.2d 699, 85 P.2d 541). The evidence here fully supports the jury's implied finding that the facts necessary to commence the running of the statute, so far as it relates to malpractice, were not discovered by respondent until less than one year before the action was filed."

The federal courts have followed the "discovery" rule in an employee's suit for injuries in the nature of silicosis based upon the Federal Employees Liability Act in Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282.

Other states that have said the cause "accrues" from the discovery of the injury are, Colorado (Davis v. Bonebrake, (1957) 135 Colo. 506, 313 P.2d 982); Louisiana (Thomas v. Lobrano, (La.App.1954) 76 So.2d 599; Missouri (Thatcher v. DeTar (1943) 351 Mo. 603, 173 S.W.2d 760); North Carolina (Nowell v. Hamilton (1959) 249 N.C. 523, 107 S.E.2d 112); and Texas (McFarland v. Connally (Tex.Civ.App. 1952) 252 S.W.2d 486).

On the other side of the coin, it is proper to say that 80 A.L.R.2d 7(d) lists seventeen states, including Kentucky, Colorado, and Texas, which take the view that time of discovery is immaterial. The United States is also listed among these authorities, notwithstanding Urie v. Thompson, supra. The foregoing list of states and their views is taken from 80 A.L.R.2d, which was published in 1961.

A.L.R.2d Later Case Service lists the following authorities holding that plaintiff's cause of action "accrues" at time of discovery: United States, Arizona, Colorado, Delaware, Idaho, Iowa, Louisiana, Maryland, Michigan, Montana, Nebraska, New Jersey, Pennsylvania, Texas, Utah, and West Virginia.

Thus it may be seen that within the past decade there has been a mass exodus of jurisdictions holding that discovery of injury was immaterial.

■ The cause of action of the appellant husband for loss of consortium accrued simultaneously with the claim of the wife. See Milde v. Leigh, (1947) 75 N.D. 418, 28 N.W.2d 530.

It may be thought that changing the rule in this jurisdiction so that the cause of action does not accrue under the statute until the discovery of the injury may result in great hardship to physicians and surgeons because of the possibility that the cause of action may accrue long after the operation, but when measured against total loss of plaintiff's cause of action barred under the former rule, we think the change is less likely to produce injustice. In any event, this possible hardship on the physician or surgeon may wash out on the trial of the merits of the controversy.

In fairness to the trial judge, it should be stated in this opinion that the trial judge expressed serious reservations as to the correctness of the former rule as to the accrual of the cause of action in cases of this class, but he, the trial court, felt it was his duty to follow the law as announced by this court rather than what he believes "it should and soon will be."

We do not reach the interesting question of damages.

The judgment appealed from is reversed for proceedings consistent herewith.

All concur.