**Lois CANNON, Appellant,**

**v.**

**Sam CANNON, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Kenneth H. Goff, Joseph M. Whittle, Leitchfield, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellee.

EDWARD P. HILL, Judge.

This is an appeal from a judgment dismissing the complaint seeking divorce, custody of children, and other incidental relief. The judgment appealed from recites that prior orders and judgments constituted *res judicata* of the issues raised in the com-

plaint. The judgment appealed from dismissed the complaint after the court considered the pleadings and exhibits. No evidence was heard.

Lois and Sam Cannon were lawfully married in October 1941.

In 1944, Sam filed action for divorce in Lake Superior Court at Hammond, Indiana. Constructive service was had on Lois, and a default judgment of divorce was granted. Lois did not appear in the Indiana divorce proceeding.

Ignoring the divorce, Sam and Lois continued to live together and produced seven children in addition to two born before the divorce. In the meantime, they purchased a 700-acre farm and took title in their joint names.

In the year 1964, after having moved to Ohio County, Kentucky, Sam filed an action in the circuit court of Ohio County in which he asked for custody of six of the youngest children. It was alleged in the complaint that Lois had custody of the youngest child. Sam further alleged in his Ohio County action that "prior to June 29, 1944, he and defendant Mary Lois Cannon were married and had nine children." Notwithstanding this allegation, he also alleged that the parties were divorced in 1944 in Indiana.

Lois filed answer containing a general denial. In a response to a motion for rule against her to show cause, she filed a response in Ohio Circuit Court in which she alleged that "if said judgment (Indiana) relied on by plaintiff is valid, said children are bastards and the Ohio Circuit Court has no jurisdiction or authority to award the custody of said children to plaintiff (Sam Cannon)."

After hearing proof by both parties, in December 1964 the Ohio Circuit Court entered judgment in which full faith and credit were given the Indiana judgment. It also recited that the seven children were illegitimate and that Sam was "not the legal father of said children or any of them." Lois was adjudged the custody of the seven children. She attempted to appeal from the Ohio judgment, but her appeal was dismissed by this court on Sam's motion, which stated her appeal was not properly perfected and that she could not appeal from a judgment in her favor.

The present action was begun August 16, 1965, when Lois filed her complaint alleging the 1941 marriage and in which she sought divorce, alimony, custody of the children, and division of their property. Answer was filed on September 4, 1965, on behalf of Sam in which it is admitted that he is the father of all the nine children. On the following June 3, 1966, Sam filed an amended answer in which he alleged the Indiana divorce judgment and charged that by reason of the birth of the children after the Indiana divorce the seven children were illegitimate. Certain exhibits were filed in support of the pleadings. The trial court sustained Sam's motion to dismiss the complaint without hearing evidence thereon. It is the propriety of the judgment thus entered dismissing the complaint that is now questioned on this appeal. The resolution of this question requires discussion of CR 7.01, the pertinent part of which is quoted herein:

"There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim * * *. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

To review the pleadings, the original answer filed in the present proceeding was styled "Motion, Answer and Counterclaim." The portion designated as a counterclaim sought only a restoration of property.

It should be kept in mind that in Sam's first answer, he admitted that all nine of the children were born to their marriage and that he was the father of them. In his amended answer, filed some nine months

**554**

later, he did an about-face by alleging the Indiana divorce judgment and the resulting illegitimacy of the seven youngest children. So it is apparent that the sustaining of the Ohio County, Kentucky, judgment declaring the seven children illegitimate is a matter of grave consequence not only to the immediate parties here involved but to the seven children, who are not parties to this litigation, and to the public generally.

The dismissal of Lois' complaint in the present litigation, if allowed to stand, forever closes the door to her to litigate her property rights and could affect the right of inheritance of the seven children.

No reply was filed on behalf of Lois to either the answer or the amended answer in which Sam alleged the Indiana divorce as an avoidance of the parenthood of the seven children. However, Lois was not required under CR 7.01 to file a reply. If she desired to avoid the Indiana divorce decree by proof, for example, of a common law marriage in Indiana after the 1944 divorce, she had a right to introduce it in the present proceeding without having filed a reply. This being so, the trial court was in error in dismissing her complaint without affording her an opportunity to introduce evidence in avoidance of the allegations of the answer and amended answer.

Whether under other circumstances or in other respects the Ohio County judgment would be *res judicata* is a question we need not decide. In this particular situation, it is our opinion that public policy would not countenance such a result in which the seal of illegitimacy would be permanently stamped on seven innocent and unrepresented children through the mere tactical maneuvers of their parents in a custody fight. We hold that the Ohio County judgment cannot conclude the subject of their legitimacy.

The judgment is reversed with directions consistent with this opinion.

All concur.