**Lois CANNON, Movant,**

v.

**Sam CANNON, Respondent.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

Robert D. Meredith, Goff & Meredith, Joseph M. Whittle, Leitchfield, for movant.

R. H. Cannon, Leitchfield, Clarence Bartlett, Bartlett, McCarroll & Nunley, Owensboro, for respondent.

STEINFELD, Judge.

In Cannon v. Cannon, Ky., 419 S.W.2d 552 (1967), we reversed a judgment dismissing a complaint filed by Lois Cannon in which she sought "divorce, custody of children and other incidental relief" from Sam Cannon. That opinion reveals the litigation over the years between these two parties. In each case Sam has either asserted or admitted his paternity of the children born to Lois.

After reversal here, Lois moved below that Sam be required to provide "temporary maintenance and support for herself and her minor children." KRS 403.055 and 403.060(3). The motion was overruled "* * * on the grounds that plaintiff is required to prove the existence of a marriage before further proceedings herein, * * *". From that order Lois moved that we grant an appeal. RCA 1.180; KRS 21.080.

Sam objects, contending that "the order upon which the motion for appeal is founded is not a final order" from which an appeal may be taken (CR 54.01), and that "(t)he trial court acted in exact conformity to the opinion of this court in Lois Cannon v. Sam Cannon * * *".

CR 54.01 states that "(a) final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." All the rights had not been adjudicated, and the finality had not been determined. It was held in Lebus v. Lebus, Ky., 382 S.W.2d 873 (1964), that "the *allowance* of maintenance pending an action for divorce, under KRS 403.-060, is by its very nature interlocutory and the order does not adjudicate the ultimate rights of the parties" and "that such an order does not constitute a final or appealable judgment under CR 54.01 * * *". (italics mine). Earlier cases were distinguished in Lebus.

Here the attack is on an order *denying* the allowance of temporary maintenance and support. We perceive no reason why the rationale of Lebus should not apply. The order complained of is interlocutory. McCreary County Board of Education v. Stephens, Ky. (decided November 1; 1968).

The motion for an appeal is overruled.

All concur.