**Edward Joseph IMES, Plaintiff-Appellant,**

v.

**Ralph TOUMA, M.D., and Synthes, Ltd., Defendants-Appellees.**

No. 84–5793.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 26, 1985.

Decided Feb. 28, 1986.

Rehearing Denied April 2, 1986.

Charles L. Cunningham, Jr. argued, Gary L. Gardner & Associates, PSC, Louisville, Ky., for plaintiff-appellant.

Kenneth Williams argued, Ashland, Ky., J.K. Wells argued, Wells, Porter & Schmitt, Paintsville, Ky., for defendants-appellees.

Before KRUPANSKY and MILBURN, Circuit Judges; and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

Plaintiff-appellant Imes filed these causes of action against defendant-appellee Ralph Touma and defendant-appellee Synthes, Ltd. The District Court granted summary judgment on the pleadings and depositions without trial. Plaintiff appeals.

Imes' troubles arose from an accident wherein his legs had been caught between the bumpers of two automobiles and both femurs (thigh bones) had been broken. On February 14, 1978, Dr. Touma performed surgery on Imes' left femur which had been crushed. He employed in his repair a metal plate (condylar plate) manufactured by defendant-appellee Synthes, Ltd.

Subsequent to the surgery described above, Imes returned to his employment. On October 24, 1980, however, he underwent surgery again. Imes claims this occurred as a result of reinjury and failure of the previous surgical procedures. The reinjury occurred according to Imes in Au-

gust of 1980 when he attempted to place a case in his car and "felt something pop." The second surgery was performed by Dr. Patrick Serey on October 24, 1980. At that time, Imes was told that the condylar plate had broken and that the reinjury and the second surgery had been "attributable to either a refracture of the left femur or a possible delayed union of the left femur with refracture."

Prior to the operation on August 27, 1980, Dr. Serey had noted on Imes' chart that Imes "never had adequate solidarity" in his femur. Imes, by deposition, asserts that he was never aware of this comment by Dr. Serey until he was shown Dr. Serey's report in January of 1982 by an attorney whom he had consulted. Since this suit was filed December 28, 1982, Imes contends that he filed his cause of action within the one year Kentucky statute of limitations period.

We have to this point in this opinion recited the facts generally from a point of view favorable to the plaintiff who is appealing the dismissal of his claims without trial. There is, of course, conflicting evidence which would be available at trial to dispute Imes' deposition. In particular, there is Dr. Serey's office record dated September 15, 1980 which states:

Radiograph evaluation of the left femur shows that this patient has had a distal shaft or almost supra condular [sic] fracture that has been apparently quite adequately fixed with a blade plate device with screws. The plate has fractured as well as the femur.

Appellees contend that there was sufficient information available to Imes to put him on notice of possible malpractice by Dr. Touma and possible product liability and/or negligence on the part of Synthes, Ltd., the supplier of the condylar plate.

### Imes' Suit Against Synthes

As to the Synthes, Ltd., appellant's products liability cause of action is clearly barred by the four year Kentucky statute of limitation. K.R.S. 355.2–725. This statute reads:

**355.2–725 Statute of limitations in contracts for sale**

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.[1]

The first condylar plate was inserted in Imes' leg in February, 1978 while this cause of action was filed more than four years later on December 28, 1982.

As to Imes' suit against Synthes, however, Imes seeks to rely primarily upon a general negligence claim. There certainly would have been a basis for jury trial of his product liability claim if the action had been brought within four years. It is equally clear the suit was not so filed. As to the negligence claim, however, we find no well-pleaded facts to support setting aside summary judgment for defendant Synthes unless they are the identical facts (namely the breaking and the removal of the condylar plate) which might have required a jury trial on the products liability claim if the case had been filed within four years. Without more, we do not view these allegations as sufficient to state a cause of action for negligence as to defendant-appellee Synthes.

Even more conclusive as to Imes' negligence claim against Synthes is the fact that

---

1. Evidence taken by deposition from a representative of Synthes appears to establish that the condylar plate was sold by Synthes without any explicit warranty, let alone one which "extends to future performance."

it is barred by the one year statute of limitations contained in K.R.S. 413.-140(1)(a). Imes' own testimony shows that he knew on or about October 23, 1981 that the plate had been broken, which we hold to be the date when he knew or should have known of any possible negligence on the part of Synthes. Imes did not file his action until December 28, 1982, two months after the limitations period expired.

### Imes' Suit Against Dr. Touma

As to defendant-appellee Touma, however, we find it necessary to remand Imes' medical malpractice claims for jury trial. Under present Kentucky law, the critical date which starts the running of the statute is that date when Imes "knew or should have known" that he had been negligently injured and by whom.

The Kentucky rule regarding statutes of limitations in medical malpractice cases has undergone change in recent years. In *Tomlinson v. Siehl,* 459 S.W.2d 166 (Ky. 1970), Kentucky joined the trend toward the discovery rule. This rule was aptly defined the following year in *Hackworth v. Hart,* 474 S.W.2d 377, 379 (Ky.1971). "[T]he statute begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." The Kentucky courts have had occasion to reaffirm this rule in *Louisville Trust v. Johns-Manville,* 580 S.W.2d 497, 500 (Ky. 1979) ("An action for medical malpractice accrues, and begins the running of the limitations period 'on the date of the discovery of the injury, or from the date it should, in light of ordinary care and diligence, have been discovered.' "), *Conway v. Huff,* 644 S.W.2d 333, 334 (Ky.1983) ("Does the statute start to run when the surgery patient discovers the sponge or when an attorney tells the patient that legal action lies against the surgeon? Obviously the answer must be with the discovery that a wrong has been committed and not that the party may sue for the wrong.") and *Farmers Bank & Trust Co. v. Rice,* 674 S.W.2d 510 (Ky.1984). This court has applied the Kentucky discovery rule in diversity cases in *Hall v. Musgrave,* 517 F.2d 1163 (6th Cir.1975) and *Lashlee v. Sumner,* 570 F.2d 107 (6th Cir.1978). It is clear that Kentucky tolls the statute of limitations on personal injury cases until the plaintiff knows, or should know, of the injury.

This rule is easy to apply when the injury and the negligence are discovered at the same time. In *Tomlinson,* the plaintiff, after undergoing a sterilization operation by the defendant, became pregnant. To discover that injury is to discover the possible negligence. In *Farmers Bank & Trust Co.,* the defendant misdiagnosed a cancerous lump on the plaintiff's breast, and as a result, the plaintiff failed to get the proper medical attention. By the time the cancer was discovered, the plaintiff was terminally ill. The court held that the discovery of the cancer and the realization that the defendant misdiagnosed the illness should have occurred at the same time.

When the discovery of the injury would not necessarily lead to the discovery of the possible negligence, Kentucky uses a different rule. When the injury would not necessarily indicate the presence of negligence, the cause of action accrues when the plaintiff knows or should have known of the possible negligence. In *Louisville Trust Co.,* the court held that the cause of action does not begin to run at the end of the exposure, when the harm occurred, but rather after the plaintiff's illness was diagnosed, when plaintiff had knowledge of facts from which he knew or should have known that he had been injured by the defendant. "[W]hen an injury does not manifest itself immediately the cause of action should accrue not when the injury was initially inflicted, but when the plaintiff knew or should have known that he had been injured *by the conduct of the tortfeasor.*" 580 S.W.2d at 500 (emphasis added). In the present case, Imes argues that his knowledge of the refracture was not enough for him to discover that Dr. Touma had been guilty of negligence. He points to testimony by Dr. Touma and Dr. Serey which states that a refracture of

itself is not evidence of negligence, and similar refractures can take place even when everything is done correctly. Whether the plaintiff in this case against Dr. Touma should have known that the injury was a result of negligence is a fact question which should not have been decided by summary judgment.

Imes' pleadings and deposition establish his flat assertion that he did not know that his femur "had never had adequate solidarity" until advised of this fact by his workmen's compensation lawyer in January of 1982. This case was filed on December 28, 1982—thus within Kentucky's one year malpractice statute of limitation. We recognize that Dr. Serey by deposition has disputed Imes' lack of knowledge that his femur had never healed. As we see this dispute, its resolution is a matter for jury trial.

For the reasons set forth above, the judgment dismissing Imes' cause of action against Synthes, Inc. is affirmed; the judgment dismissing Imes' cause of action against Defendant-Appellee Touma is vacated and this cause of action is remanded for trial.