## Commonwealth v. Smith.

(Decided November 11, 1910.)

### Appeal from Rockcastle Circuit Court.

1.  Indictment—Dismissal—Failure to Refer to Grand Jury—Final
    Order—Reinstatement.—When an indictment is dismissed un-
    less the matter be then referred to the grand jury it is a final
    order in that case.    After the term at which the order  is
    entered the court has not the power to set it aside.    Should
    the court or the prosecution desire to retain control of the
    case after the term, it may be done by an order filing it away
    to be redocketed on motion of the commonwealth, but without
    such reservation an unconditional dismissal is an end of that
    case.    If therefore the commonwealth desires to reinstate the
    prosecution it may do so by procuring another indictment or by
    a warrant of arrest sworn out before an examining magistrate.
2.  Same—Subsequent Indictment—Trial    Thereunder.—The   order
    dismissing the indictment though a final order does not bar an-
    other indictment or prosecution. Indeed until the defendant is
    put in jeopardy under an indictment we know of no practice,
    that would estop the commonwealth from indicting him and
    trying him upon a charge of the crime.

M. L. JARVIS, JAMES BREATHITT, Attorney General, CHAS.
H. MORRIS for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Harvey Smith was indicted by the grand jury of
Rockcastle county in 1903, charged with murder. Not
being in custody a bench warrant was issued for him.
The sheriff being unable to find the defendant endorsed
and returned the bench warrant accordingly. The case
was therefore continued upon the docket, and an alias
bench warrant ordered, with like result. The cause was
again continued, and pluries bench warrant issued,
with the same result. The court then entered this order,
at the September term, 1903:

"The defendant's whereabouts being unknown, and
as the prosecution will never be barred by limitation it is
ordered by the court that the same be and is hereby dis-
missed."

Thus the matter rested until the May term, 1910, of
the court, when the commonwealth's attorney moved the

court to redocket the case. The motion was overruled on the ground that the circuit court deemed it had no no longer the power to enter an order in that case. The commonwealth has prosecuted this appeal that the law may be certified.

When an indictment is dismissed, unless the matter be then referred to the grand jury, it is a final order in that case. After the term at which the order is entered, the court has not the power to set it aside. Should the court or the prosecution desire to retain control of the case after the term, it may be done by an order filing the indictment away, to be redocketed on motion of the commonwealth. (Jones v. Commonwealth, 114 Ky. 599.) But without such reservation, an unconditional dismissal is an end of that case. If therefore, the commonwealth desires to re-instate the prosecution, it may do so by procuring another indictment, or by warrant of arrest sworn out before an examining magistrate, and then proceed as in other original prosecutions. The order dismissing the indictment, though a final order, does not bar another indictment or prosecution. The wording of the particular order here being discussed shows that the accused had never been placed in jeopardy under it. It shows on its face that the court treated it as a dismissal without prejudice to another indictment. Indeed, until the defendant is put in jeopardy under an indictment, we know of no practice that would estop the commonwealth from indicting him and trying him upon a charge of the crime.

Judgment affirmed.