## C. I. T. Corporation v. Teague.

March 9, 1943.

J. R. Llewellyn for appellant.

C. P. Moore for appellee.

Opinion of the Court by Chief Justice Fulton—Reversing.

This is a motion for an appeal from an order or

522

judgment dismissing appellant's petition for want of prosecution in an action to recover a balance of $308.99 alleged to be due on a note.

The action was filed in October, 1939, and the pleadings were completed in April, 1941. Trial was set for April 12, 1941, and the action was dismissed for want of prosecution on failure of the plaintiff or its attorney to appear at the trial. The order of dismissal was set aside pursuant to motion, supported by affidavit showing good cause for failure of appellant's attorney to appear.

The action was again set for trial on the 13th day of the June term, 1942, and on the 19th day of the term an order was entered dismissing it for want of prosecution on account of the failure of the plaintiff or its attorney to appear for trial. The order failed to specify that the dismissal was without prejudice.

On the next day, the 20th day of the term, appellant filed motion to set aside the order of dismissal and reinstate the action on the docket supported by affidavit which was uncontroverted. The affidavit states, in substance, the following facts. The action, although set for trial on the 13th day of the term, was not called for trial on that day or on any succeeding day until the 19th day of the term, other cases being tried in the meantime. Appellant's proof had been taken by depositions and its attorney was in court until 10 A. M. on the morning of the 19th day and then went to his office about 100 yards from the courthouse. The attorney remained in his office and did not return to the courtroom that morning on account of a hard rain and on entering the courtroom in the afternoon found that the case had been called and ordered dismissed. The attorney was within easy calling distance and was ready to try the case.

It is contended, first, that the trial court was in error in dismissing the action absolutely rather than without prejudice and that the judgment should therefore be reversed. However, since the only authority to dismiss for want of prosecution is that conferred by section 371 of the Civil Code of Practice which provides that the action may be dismissed without prejudice if the plaintiff fail to appear at the trial, the order of dismissal entered in this action must be construed as a dismissal without prejudice although the words "without prejudice" do not appear in the order.

But a dismissal without prejudice is a final and appealable order, Wood v. Downing's Adm'r, 110 Ky. 656, 62 S. W. 487, and the propriety of the trial court's action in dismissing the action for want of prosecution, which we construe to be a dismissal without prejudice, is properly before us.

In the circumstances disclosed by the uncontroverted affidavit we think the order of dismissal should have been set aside. The case, although set for trial on the 13th day of the term, had dragged along for a week or more without being reached. The attorney was in the courtroom ready for trial on the day it was dismissed and could easily have been notified of the calling of the action. It is the duty of attorneys to be diligent in their attendance on court and we would not be understood as holding that in every case an attorney must be notified that his case is being called for trial but in the circumstances here shown we think it is clear that the order of dismissal should have been set aside and the case reassigned to a later day in the term or continued.

The motion for an appeal is sustained and the appeal granted. The judgment of dismissal is reversed with directions to set it aside and to proceed further.

Whole Court sitting.