Bessie **STEPHENSON** and **Essico**
Stephenson, Appellants,

v.

Savannah **BOSWELL**, Treadway Boswell,
and Henry Jackson, Appellees.

Court of Appeals of Kentucky.

Nov. 21, 1958.

Rehearing Denied Jan. 30, 1959

M. C. Redwine, Winchester, for appellants.

R. R. Grant, H. T. Lisle, Winchester, for appellees.

PER CURIAM.

This is the second motion for appeal we have entertained in this case. The judgment of the lower court dismissing plaintiffs' complaint was affirmed by our ruling in Stephenson v. Boswell, Ky., 312 S.W.2d 360.

Plaintiffs' complaint was dismissed for failure to introduce any evidence in support of their claim. After our affirmance of this judgment, the plaintiffs moved to redocket the case for a trial on the merits, which motion the trial court overruled. Obviously there was no case pending which could be redocketed. The dismissal of this action, which we affirmed, terminated it. Whether the original dismissal was with or without prejudice, this proceeding has been finally dsposed of.

Plaintiffs insist they are entitled to a "trial on the merits". They could not possibly be so entitled in this action because this action has been terminated. Nor would they be entitled to another trial in a new action involving the same subject matter since the dismissal constituted a trial on the merits. When plaintiffs declined to introduce proof in support of their claim, they lost their lawsuit. There remained nothing further to try. This seems clear even if we ignored CR 41.02, which declares that unless an order otherwise speci-

fies; a dismissal (on grounds other than lack of jurisdiction or improper venue) operates as an adjudication upon the merits.

Since it has been finally adjudicated that plaintiffs have no claim against the defendants, the trial court properly refused to redocket this controversy.

The motion for appeal is denied, and the judgment stands affirmed.