**32**

Clinton R. BURROUGHS and Wesley J. Rogers, Appellants,

v.

BAKE OVEN SUPPLY COMPANY, Inc., Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1968.

Wesley J. Rogers, Clinton R. Burroughs, Louisville, for appellants.

W. C. Boone, Jr., Bullitt, Dawson & Tarrant, Louisville, for appellees.

PALMORE, Judge.

Appellee, Bake Oven Supply Co., Inc., brought this suit against appellants, Burroughs and Rogers, to recover (1) an unpaid balance of $2,000 and accrued interest payable under a promissory note executed by Burroughs and Rogers in favor of The First National Bank of Mobile and later endorsed by the bank to Bake Oven, and (2) the further sum of $3,595.35 allegedly owed by Burroughs under a personal guaranty covering credit extended by Bake Oven to Auto Painting, Inc., of which latter corporation Burroughs was an officer and stockholder. Burroughs and Rogers answered and asserted a counterclaim for $1,000. The counterclaim and portions of the answer were stricken, after which Bake Oven moved for and was granted a judgment on the pleadings for the unpaid balance of the note and interest. Burroughs and Rogers appeal.

The judgment from which the appeal is prosecuted was entered April 15, 1966, and reads as follows:

"On Motion of the Plaintiff, and the Court being advised, IT IS ORDERED that final Judgment be, and hereby is, entered in favor of the Plaintiff and against Defendants Clinton R. Burroughs and Wesley J. Rogers on Paragraphs 1 and 2 of the Complaint, in the amount of $2,093.31, together with interest thereon at the rate of 6% per annum from the date of this judgment until paid and costs of court, for all of which let execution issue."

The appellants have attempted to appeal both by motion and as a matter of right. Their motion for an appeal was overruled. Appellee's motion to dismiss the appeal taken as a matter of right, upon the ground that the amount in controversy is less than $2,500, was passed to the merits.

If the judgment were truly a final judgment (as appellee seems to assume it is), the amount in controversy would include the stricken counterclaim and thus exceed $2,500. However, it is neither a final judgment as such nor an interlocutory judgment made final for purposes of appeal in the manner provided by CR 54.02.

The reason the judgment is interlocutory is that it does not dispose of Bake Oven's claim against Burroughs for $3,595.35. As a matter of fact, the record shows that Bake Oven subsequently moved for and

was denied a summary judgment on its cause of action asserted against Burroughs, which therefore is still pending. CR 54.01 defines a final or appealable judgment as "a final order adjudicating *all the rights of all the parties* in an action or proceeding, or a judgment made final under Rule 54.02." (Emphasis ours.) The judgment does not adjudicate "all the rights of all the parties." Compare, for example, F.R.Civ. P. 54(b). See also McCreary County Board of Education v. Stephens, Ky. (decided today).

The appeal is dismissed.

MONTGOMERY, C. J., and HILL, MILLIKEN, STEINFELD and WILLIAMS, JJ., concur.