**Burton R. SIGNER, Trustee for Jerry Salomine, Appellant,**

v.

**Richard E. ARNOLD, dba Tri-City Yacht Club, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1969.

Charles J. Schear, Newport, for appellant.

Charles Bruce Lester, Lester & Riedinger, Newport, for appellee.

DAVIS, Commissioner.

The appellee has moved to dismiss the present appeal on the ground that multiple claims were presented in the trial court, and the judgment did not purport to dispose of all the claims nor did it recite that it was final as to the issues decided and that no just reason for delay existed. The failure to comply with CR 54.02(1) impels us to dismiss the appeal, because it is apparent from the record that other matters remain to be adjudicated in the trial court, and the judgment from which the present appeal is attempted does not meet the test for a final judgment as prescribed in CR 54.01 since it does not adjudicate the rights of all the parties in the action. See Burroughs v. Bake Oven Supply Company, Ky., 434 S.W.2d 32.

We are being confronted with many motions to dismiss appeals for failure to comply with CR 54.02. See McCreary County Board of Education v. Stephens, Ky., decided November 1, 1968, and Cannon v. Canon, Ky., 434 S.W.2d 48. It is not always apparent whether the appeal involves a multiple-claims action or not. Cf. Furlow v. Sturgeon, Ky., 436 S.W.2d 485, decided November 29, 1968, in which we declined to dismiss an appeal on the basis that the judgment impliedly disposed of a counterclaim because the claims in the complaint and the counterclaim were mutually exclusive. In the present case there is a claim yet remaining for adjudication which is not extinguished as a matter of law by reason of the judgment from which the appeal is taken. The rule enunciated in CR 54.02 is clear and has been invoked in many cases. The purpose of this opinion is to remind the Bench and Bar of the importance of having judgments comply with CR 54.02 whenever multiple claims exist in the action. We are mindful of the practice in which judgments are drafted by the successful attorney for the signature of the trial judge. Initially, the drafting attorney should, as a matter of professional pride and ethics, see to it that the judgment is in proper form as regards CR 54.02 even though that matter might be deemed to address itself to his adversary. Secondly, the unsuccessful lawyer owes it to his client and the court to see to it that the judgment complies with CR 54.02 if he means to prosecute an appeal at that stage of the case. The trial judge should not be burdened with the responsibility of incorporating the provisions of CR 54.02 into a judgment unless he is specifically requested to do so. It is hoped that the Bar will take greater pains to assure proper preparation of judgments in

multiple-claims action so that the circuit courts and this court will not be harassed by the extra work occasioned by imperfectly prosecuted appeals.

The appeal is dismissed.

All concur.