**John W. SHELBURN, Appellant,**

**v.**

**Harry BAILEN et al., Appellees.**

Court of Appeals of Kentucky.

March 28, 1969.

Thomas W. Burks, Louisville, for appellant.

Carl K. Helman, Louisville, Edwin A. Schroering, Jr., Louisville, for appellees.

DAVIS, Commissioner.

The appeal before us originated when appellee, Harry Bailen, filed suit against appellant, John W. Shelburn, and appellee, Arnold W. Shuck, seeking settlement of a partnership known as ABC Premium Budget Company and composed of Bailen, Shuck, and Shelburn as equal partners. A receivership was sought along with judgment against Shelburn for $13,000. Shuck was called upon to assert such claims as he had in the partnership.

Numerous pleadings were filed including counterclaims and cross-claims by which Shelburn asserted that he was entitled to recover by reason of various other business ventures into which he and the other two partners had entered. Although the court first appointed a receiver, that order was rescinded, and we have no question pertaining to receivership before us.

After the parties had filed the many pleadings, the matter was referred to a commissioner "for taking of proof and recommendations." In due course the commissioner filed a detailed report in which it was observed that hearings were held before the commissioner but that a transcript of evidence taken at those hearings "is not in the record because Thomas Burks, Attorney for Defendant, John W. Shel-

burn, did not pay for same." Among other things, the commissioner reported that:

"  *  *  * Shelburn contends that there are various Cross-Claims involving other partnerships between him and Shuck, but it is the opinion of this commissioner that any question involving possible Cross-Claims between these parties is not material to the issue involved here  *  *."

Based on that premise, the commissioner ultimately recommended that judgment be entered against Shelburn in favor of Bailen and Shuck for $13,000 and $14,000 respectively.

Shelburn filed objections in the circuit court to the recommendations of the commissioner, specifically pointing out that the recommendations afforded merely a partial resolution of the several matters presented. The objections of Shelburn were stricken from the record as being untimely filed as prescribed by CR 53.04.

The court entered judgment pursuant to the recommendation, and it is that judgment which is on appeal. There was no reference in the judgment to the numerous other claims which were presented in the pleadings. The action was clearly a multiple-claims action within the meaning of CR 54.02(1), but the judgment did not contain a recitation reflecting no just reason for delay and that the judgment was final as to the matter adjudicated. In such circumstances, we will not entertain the appeal since it contravenes the provisions of CR 54.02. Signer v. Arnold, Ky., 436 S.W. 2d 493; Burroughs v. Bake Oven Supply Company, Ky., 434 S.W.2d 32.

It is appropriate to observe that we are unable to perceive how the appellant could demonstrate error on appeal to this court in light of his failure to present a transcript of the evidence of which he complains.

The appeal is dismissed.

All concur.