**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Scott W. HICKS, Appellee.**

**No. 93–SC–048–DG.**

Supreme Court of Kentucky.

Jan. 31, 1994.

.... I am going to drag the commissioner of the state police up here to explain to me why they won't provide personnel to dispose of these cases. I brought a jury in here today to try these cases and now the state police has decided not to honor the subpoena. .... And its [sic] not fair to Mr. Hicks, its [sic] not fair to the police officer, its [sic] not fair to you, its [sic] not fair to the jury members, its [sic] not fair to anybody. .... I am not going to tolerate it.

Thereafter, defense counsel moved to dismiss the charges and after noting the date of the arrest (less than six months earlier), the court stated that the motion to dismiss would be sustained for lack of prosecution. Protesting the ruling, the prosecutor reminded the court that his motion to continue was pending and informed the court that if a continuance was denied, the Commonwealth was nevertheless prepared to proceed to trial without the breathalyzer technician. The trial court refused to reconsider the order of dismissal but informed the parties that the charges could be refiled. On the court calendar for that day and with respect to appellee's case, the court made abbreviated notations, the translation of which is as follows:

The defendant was present with his attorney, the arresting officer was present, the breathalyzer technician was not available, and the date of arrest was April 25, 1991.

The abbreviated final order may be accurately translated as follows:

The Commonwealth's motion to continue is overruled and the defense motion to dismiss is sustained.

The Commonwealth did not appeal from the order of dismissal but promptly refiled the charges against appellee. In response, appellee moved to dismiss on grounds of double jeopardy. The trial court denied the motion holding that jeopardy had not attached in the earlier proceeding. Appellee then brought this action for prohibition in the Kenton Circuit Court. *See Crawley v. Kunzman*, Ky., 585 S.W.2d 387 (1979). In circuit court, the issue framed was whether the order of dismissal barred the subsequent refiling and prosecution of the same charges.

Chris Gorman, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, John Anthony Fortner, Covington, for appellant.

D. Anthony Brinker, Wehrman & Wehrman, Chartered, Covington, for appellee.

LAMBERT, Justice.

This Court granted the Commonwealth's motion for discretionary review of an opinion of the Court of Appeals which directed the trial court to grant appellee's petition for writ of prohibition. The Court of Appeals determined that dismissal of the underlying DUI and reckless driving charges was with prejudice by virtue of CR 41.02(3).

In April of 1991, appellee was charged with third offense DUI and reckless driving. Following arraignment in the Kenton District Court, trial was set for August 1, 1991. On the day set for trial, on motion of the Commonwealth and without objection from appellee, the case was continued to October 2, 1991.

When the case was called on October 2, 1991, the Commonwealth again moved for a continuance on grounds that the technician who had administered the breathalyzer test, a subpoenaed witness, had not appeared. On learning of this, the trial judge became annoyed at the failure of state police officials and witnesses to appear in court, particularly in view of a legislative mandate that DUI cases be disposed of in ninety days. The judge stated he wished to make a record on the issue because

The circuit court held that the original charges had not been dismissed for failure to grant a speedy trial; that they were not dismissed for failure of the Commonwealth to prosecute; and that the earlier charges did not constitute former jeopardy. Prohibition was denied.

Appellee appealed as a matter of right to the Court of Appeals from denial of prohibition. Reversing the trial court and directing entry of an order of prohibition, the Court of Appeals analyzed CR 41.02, a rule which governs involuntary dismissals. The court took the position that appellee's motion to dismiss was on grounds of failure to prosecute and concluded that the effect of the trial court's notations which constituted its final order was to dismiss the case with prejudice under CR 41.02(3). It also recognized the inconsistency between the legal effect of the district court's order of dismissal and the court's oral statement that the charges could be refiled, a view which was reaffirmed upon denial of the motion to dismiss the refiled charges. Unwilling to rely entirely on the effect of the order of dismissal, however, the Court of Appeals surmised that the dismissal must have been for denial of appellee's right to a speedy trial and notwithstanding the trial court's advice to the Commonwealth that the charges could be refiled, held that the original order of dismissal was *res judicata,* thereby barring the subsequent prosecution.

We recognize that this proceeding is not for direct review of the trial court's order of dismissal. No appeal was taken from that order and it long ago became final. However, as we are called upon to construe the effect of that order, we must review the surrounding circumstances and brief comment is appropriate.

■ From the transcript of the hearing at which the motion to dismiss was granted, it is unmistakable that the trial judge perceived an indifference by the Kentucky State Police to its duty to provide breathalyzer technicians to testify in court. As a punitive gesture toward the state police, the judge determined that the case should be dismissed. In so doing, he overlooked clear authority to the contrary. It is an age-old principle that a party is not required to produce all the evidence which might be in existence, nor even the most persuasive evidence which might be obtainable. A party who announces ready for trial is entitled to go forward and it is not within the province of the trial judge to evaluate the evidence in advance to determine whether a trial should be held. The time for such an evaluation is upon motion for a directed verdict. At the hearing which resulted in dismissal of the underlying case, the prosecution announced ready for trial and informed the court that the arresting officer was present, a fact which the trial court noted in its order. In *Allen v. Commonwealth,* Ky.App., 817 S.W.2d 458 (1991), the Court of Appeals affirmed a DUI conviction and forcefully stated that such a conviction may be sustained without evidence procured by use of a device for measuring intoxication.

We believe we should remind those who have an interest in the prosecution and defense of driving under the influence of intoxicants cases that there has arisen a supposition that courts must rely upon the various devices, chemical or otherwise, upon which to base a conviction. These machines do not replace the observations and conclusions of an experienced officer who stops the offender for illegal operation of a vehicle. The attempts to discredit the technology may do just that, but a conviction may stand upon the testimony of the police without resort to the various devices.

*Id.* at 461. In such a circumstance, the Commonwealth was entitled to go forward and the trial judge was without authority to dismiss the case. We reiterate, it is not the province of a trial court to determine that a case should be dismissed contrary to the wishes of a party who has announced ready for trial.

■ Despite the foregoing, we must construe the effect of the written order. CR 54.01, made applicable to criminal cases by virtue of RCr 13.04, defines "judgment" as "a *written* order of a court adjudicating a claim or claims in an action or proceeding." (Emphasis added.) It should be in a simple form clearly reflecting the intention of the trial

judge. *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958). Moreover, "[o]ral statements or pronouncements are not judgments until embodied in a writing." 7 Bertelsman and Philips, *Kentucky Practice,* CR 54.01, cmt. 2 (4th ed. 1984). And where there is an inconsistency between the oral statements of a court and that which is reduced to writing as the court's final judgment, the latter shall prevail and the former shall be disregarded. Such a construction is essential to the operation of the Court of Justice for judges often voice views and opinions which may be inconsistent with their final judgments. If this Court should announce a rule whereby the comments of a trial judge could be used to impeach the effect of a court's final judgment, the result would be the destruction of any certainty as to the effect of judgments and a state of chaos in judicial proceedings. Accordingly, we are not at liberty to consider the trial court's inconsistent comments concerning the refiling of charges nor its order overruling the motion to dismiss after the case had been refiled. The order of dismissal must be construed according to what it said and in light of the applicable rule.

■ CR 41.02(3), relating to involuntary dismissals and the effect thereof, is as follows:

> Unless the court in its order for dismissal otherwise specifies, *a dismissal under this rule, and any dismissal not provided for in Rule 41,* other than a dismissal for lack of jurisdiction, for improper venue, for want of prosecution under Rule 77.02(2), or for failure to join a party under Rule 19, operates as an adjudication upon the merits. (Emphasis added.)

Unmistakably, this means that without a notation to the contrary, i.e. "without prejudice" or "with leave to refile," any dismissal, other than a dismissal for lack of jurisdiction, improper venue, lack of prosecution under CR 77.02(2), or failure to join a party under CR 19, results in an adjudication upon the merits. *Polk v. Wimsatt,* Ky.App., 689 S.W.2d 363 (1985). Said otherwise, a judgment or order of dismissal, except on the grounds noted in the Rule, must be construed as being with prejudice unless it says otherwise. This construction is entirely consistent with the views expressed in 7 Bertelsman and Philips, *Kentucky Practice,* CR 41.-02, cmt. 6 (4th ed. 1984), and serves the purpose of finality. Parties should be forewarned that unless one of the four exceptions clearly applies, one who wishes to preserve the viability of a dismissed claim should see that the proper notation is affixed by the trial court or seek appellate relief.

■ When the foregoing rule is applied here, the result is compelled. The order of dismissal contained no indication that it was intended to be without prejudice. Forthrightly, it denied a continuance and sustained the motion to dismiss. It said no more. As such, the order of dismissal was with prejudice and if the Commonwealth was to have relief, a timely amendment of the order of dismissal or an appeal from that order was required. Upon its failure to take steps to obtain such relief, the order of dismissal became final and subsequent litigation was thereby barred.

For the foregoing reasons, the opinion of the Court of Appeals is affirmed. In view of our disposition, appellee's pending motions are dismissed as moot.

STEPHENS, C.J., and LEIBSON and REYNOLDS, JJ., concur.

WINTERSHEIMER, J., concurs in result only.

SPAIN, J., dissents by separate opinion.

STUMBO, J., not sitting.

SPAIN, Justice, dissenting.

Respectfully, I dissent and would reverse the Court of Appeals and affirm the Kenton Circuit Court. I do not understand the Majority's insistence that the improvident dismissal of the DUI and reckless driving charges against Hicks by the Kenton District Court barred the subsequent refiling and prosecution of the same charges. In so commenting, I am at the same time fully aware of the provisions of CR 41.02(3) regarding involuntary dismissals. The language of the rule itself begins by excepting from its effect a dismissal not intended by the court to operate as a final adjudication on the merits. Here we have just such a situation. The district judge made it abundantly clear to all concerned, including the defense as well as the prosecution, that in entering an order of

dismissal on October 2, 1991, he did not intend for there to be a final adjudication. He announced such for the audiotape court record, commenting that the *charges could be refiled.* Furthermore, after the dismissal and upon the refiling by the prosecution, said district judge ratified his earlier action by denying the defense motion to dismiss on grounds of double jeopardy.

Thereafter, the circuit court correctly ruled that the original charges had not been ˙dismissed for failure to grant a speedy trial and were not dismissed *for failure of the* Commonwealth to prosecute, and that consequently there could be no double jeopardy bar to further proceedings. Under these circumstances, I feel that the district judge was without the authority to effectively dismiss charges with prejudice, over the objection of the prosecutor.

Here the Majority admits that the district judge erroneously denied the prosecution the right to proceed to trial without the breathalyzer expert, yet they compound the error by now holding that the prosecution is now further prohibited because of the entry of the dismissal order. Two wrongs do not make a right.

I would reverse the granting of the writ of prohibition and order that the prosecution could proceed in the district court.