**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Robert SOWELL, Appellee.**

No. 2003–SC–0355–DG.

Supreme Court of Kentucky.

March 17, 2005.

Gregory D. Stumbo, Attorney General of Kentucky, Criminal Appellate Division, Office of the Attorney General, Frankfort, Christopher Melton, Karl Price, Special Assistant Attorneys General, Louisville, Counsel for Appellant.

J. David Niehaus, Daniel T. Goyette, Of Counsel, Office of the Louisville Metro Public Defender, Louisville, Counsel for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

KRS 500.050(2) provides that a misdemeanor prosecution must be commenced within one year after the offense is committed. A misdemeanor prosecution for assault was timely commenced against Appellee, Robert Sowell, but was dismissed

without prejudice due to the inability of the Commonwealth to produce the complaining witness at trial. More than ten days after entry of the order of dismissal, the case was redocketed via motion, and again set for trial. The question we must address is whether a case dismissed without prejudice may be redocketed and proceed as if there had been no dismissal or whether new process is required. We hold that a dismissal without prejudice is a final and appealable order, and that after dismissal without prejudice and loss of trial court jurisdiction, a defendant must be recharged. Therefore, we affirm the Court of Appeals.

On August 2, 1999, Sowell allegedly assaulted Bonita Clarke and her son, and allegedly damaged Ms. Clarke's property. An arrest warrant was issued for Sowell's arrest on September 15, 1999, but Sowell was not arrested until May 17, 2000. Sowell was charged with two counts of fourth-degree assault and a single count of criminal mischief, all misdemeanors. The case was set for trial on May 30, 2000, but continued until June 9, 2000. The prosecuting witness, Ms. Clarke, however, did not respond to the subpoena for her attendance or appear for either trial date. On June 9, 2000, the district court dismissed the case without prejudice.

More than ten days after the date of dismissal without prejudice (July 12, 2000), but still within the KRS 500.050(2) one-year period of limitation, the Commonwealth moved to redocket the case. The district court granted the motion and set the trial date for August 7, 2000. Thereafter, Sowell filed a motion to dismiss stating

that the prosecution was not timely under KRS 500.050(2), and the district court granted the motion. On appeal, the Jefferson Circuit Court reversed on grounds that the Commonwealth had complied with KRS 500.050(2) because Sowell received notice of the charges against him within the one-year period. The Court of Appeals granted discretionary review, reversed the circuit court, and held that finality of the dismissal without prejudice by expiration of the time allowed in CR 59.05 and RCr 12.04 barred redocketing the case. Upon the Commonwealth's Motion, this Court granted discretionary review.

■ At the outset we will examine the meaning and effect of the phrase "without prejudice" in a dismissal order. Black's Law Dictionary defines dismissed without prejudice as "[r]emoved from the court's docket in such a way that the plaintiff may refile the same suit on the same claim."[1] CR 54.01 defines final order or judgment as "adjudicating all of the rights of all of the parties in an action or proceeding...." In several cases we have held that a dismissal without prejudice is a final and appealable order.[2] Notably, in *Wood v. Downing's Admr.*, we held that an order dismissing without prejudice "fixed absolutely and finally the rights of the parties in this suit in relation to the subject matter of the litigation, and put an end to the suit. It was a final appealable order."[3] Notwithstanding the "without prejudice" language, an order of dismissal adjudicates all rights. Nothing remains to be done.[4]

**1.** (8th ed.2004).

**2.** *Wood v. Downing's Admr.*, 110 Ky. 656, 62 S.W. 487, 488 (1901); *C.I.T. Corp. v. Teague*, 293 Ky. 521, 169 S.W.2d 593, 593 (1943); *Grubbs v. Slater & Gilroy, Inc.*, 267 S.W.2d 754, 755 (Ky.1954).

**3.** 110 Ky. 656, 62 S.W. at 488.

**4.** *Signer v. Arnold*, 436 S.W.2d 493 (Ky.1969).

■ The Commonwealth argues that a dismissal without prejudice is not a final adjudication of the merits of the claim, and therefore the original process is sufficient to resurrect the dismissed case. The Commonwealth relies on *Commonwealth v. Hicks* [5] for the proposition that a dismissal without prejudice does not act as a final judgment on the merits. However, the Commonwealth reads *Hicks* too broadly and inconsistently with case law holding that a dismissal without prejudice is a final and appealable order.[6] In *Hicks,* we merely held that an order of dismissal without any notation to the contrary would be treated as with prejudice barring subsequent prosecution of the same charge.[7] The holding in *Hicks* was strictly limited to construing whether an order of dismissal without any notation to the contrary was "an adjudication upon the merits." [8] *Hicks* does not address the issue presented here.

■ Upon our determination that an order of dismissal without prejudice is nevertheless a final order, we must determine whether it may be vacated by the trial court and within what period of time. Where, as here, the criminal rules do not provide a time in which an action may be taken, the Rules of Civil Procedure apply.[9] Under CR 59, a final judgment or order may be vacated only in accordance with the ten day provisions of the rule. Thereafter, the trial court loses jurisdiction to act.[10] As such, a party has ten days after entry of a dismissal order, with or without prejudice, to move to set aside that order and continue prosecution under the original complaint, or timely appeal from the order of dismissal. As the dismissal here was without prejudice, but was nevertheless a final order, the Commonwealth could have moved to vacate it within ten days, filed a timely notice of appeal, or it could have brought the charge on new process. But it could not merely redocket the old case as the trial court had lost jurisdiction to vacate its order of dismissal. This proposition was firmly established in *Stephenson v. Boswell,* where we held:

> The dismissal of this action, which we affirmed, terminated it. Whether the original dismissal was with or without prejudice, this proceeding has been finally disposed of.... Since it has been finally adjudicated that plaintiffs have no claim against the defendants, the trial court properly refused to redocket this controversy.[11]

A similar holding is found in *Commonwealth v. Smith,* where a felony indictment was dismissed because the defendant could not be located.[12] After several years the Commonwealth moved to redocket the case. The trial court denied the motion to redocket reasoning that it lacked the authority after an order dismissed the case.[13] We held:

> When an indictment is dismissed, unless the matter be then referred to the grand jury, it is a final order in that case. After the term at which the order is entered, the court has not the power to set it aside. Should the court or the

---

**5.** 869 S.W.2d 35 (Ky.1994).

**6.** *See* n.4.

**7.** *Hicks* at 37.

**8.** *Id.* at 38.

**9.** RCr 13.04. *See Silverburg v. Commonwealth,* 587 S.W.2d 241, 244 (Ky.1979).

**10.** *Commonwealth v. Gross,* 936 S.W.2d 85 (Ky.1997).

**11.** 319 S.W.2d 457, 457 (Ky.1959).

**12.** *Commonwealth v. Smith,* 140 Ky. 580, 131 S.W. 391, 392 (1910).

**13.** *Id.*

prosecution desire to retain control of the case after the term, it may be done by an order filing the indictment away, to be redocketed on motion of the commonwealth. But, without such reservation, an unconditional dismissal is an end of that case. If, therefore, the commonwealth desires to reinstate the prosecution, it may do so by procuring another indictment, or by warrant of arrest sworn out before an examining magistrate, and then proceed as in other original prosecutions. The order dismissing the indictment, though a final order, does not bar another indictment or prosecution.[14]

Upon the foregoing, we conclude that the order of dismissal without prejudice was a final order or judgment for purposes of CR 59 relief or appeal; that ten days after entry of the order of dismissal, the trial court lost jurisdiction to alter, amend or vacate the order; and that the Commonwealth's remedy was by appeal from the order of dismissal or the timely bringing of a new charge and the issuance of new process.

For the forgoing reasons, we affirm the Court of Appeals.

COOPER, KELLER, and SCOTT, JJ., concur.

JOHNSTONE, J., dissents by separate opinion in which GRAVES and WINTERSHEIMER, JJ., concur.

Dissenting Opinion by Justice JOHNSTONE.

Respectfully, I dissent. Bonita Clarke and her son were allegedly assaulted by the Appellee, Robert Sowell, on August 2, 1999. Ms. Clarke filed a criminal complaint on September 15 and a warrant for

Appellee's arrest was issued. After successfully avoiding apprehension for eight months, Appellee was arrested on May 17, 2000. After arraignment, the case was set for trial on May 30, 2000, and continued on that date for a trial date of June 9, 2000. On June 9, the district judge denied the Commonwealth's motion for a continuance and dismissed the case without prejudice over the prosecutor's objections. The majority opinion states that the reason for the dismissal was that Ms. Clarke "did not respond to the subpoena for her attendance or appear for either trial date." In fact, however, Ms. Clarke and her child had been living at the Center for Women and Families, an agency designed to assist victims of domestic violence, and as such she was not available for service of process.

After discovering that Ms. Clarke was in the shelter, the Commonwealth requested that the case be redocketed for July 12, 2000. On that date the district court continued the case until August 7, in order to have the Appellee transported from the county jail where he was incarcerated on other charges. Thereafter, Appellee filed a motion to dismiss on grounds that the statute of limitations for a misdemeanor had run. The district court granted the motion, the circuit court reversed the district court, and the Court of Appeals reversed the circuit court. We now consider the case on discretionary review.

The majority opinion first addresses the meaning of a dismissal "without prejudice" and concludes that it is a final order. CR 54.01 defines a final order as an order "adjudicating all the rights of all the parties in an action or proceeding...." It cites as precedent for this holding, *Wood v. Downing's Adm'r,*[1] a 104 year old civil case, in which it was determined that the

14. *Id.*

1. 110 Ky. 656, 62 S.W. 487, 488 (1901).

circuit court had no jurisdiction due to a medical malpractice action having been filed in the wrong county.

With all due deference to the past, I choose to rely upon the case of *Commonwealth v. Hicks*,[2] cited by the dissenter in the Court of Appeals opinion. In *Hicks*, Chief Justice Lambert stated:

> CR 41.02(3), relating to involuntary dismissals and the effect thereof, is as follows:
>
> Unless the court in its order for dismissal otherwise specifies, *a dismissal under this rule, and any dismissal not provided for in Rule 41,* other than a dismissal for lack of jurisdiction, for improper venue, for want of prosecution under Rule 77.02(2), or for failure to join a party under Rule 19, operates as an adjudication upon the merits. (Emphasis in original.)
>
> Unmistakably, this means that without a notation to the contrary, *i.e. "without prejudice"* or "with leave to refile," any dismissal, other than a dismissal for lack of jurisdiction, improper venue, lack of prosecution under CR 77.02(2), or failure to join a party under CR 19, results in an adjudication upon the merits. *Polk v. Wimsatt,* Ky.App., 689 S.W.2d 363 (1985). Said otherwise, a judgment or order of dismissal, except on the grounds noted in the Rule, must be construed as being with prejudice unless it says otherwise. This construction is entirely consistent with the views expressed in 7 Bertelsman and Philips, *Kentucky Practice,* CR 41.02, cmt. 6 (4th ed.1984), and serves the purpose of finality. Parties should be forewarned that unless one of the four exceptions clearly applies, one who wishes to preserve the viability of a dismissed claim should see that the proper notation is affixed by the trial court or seek appellate relief. (Emphasis added.)

In my opinion, it is patently clear that a dismissal without prejudice is not a final order or judgment for purposes of the finality rule of CR 59.05, and no authority cited in the majority opinion compels a conclusion otherwise. A dismissal without prejudice, as we are dealing with in the case at bar, does not adjudicate all of the rights of the parties. Indeed, it does not adjudicate any rights.

Thus, we are finally confronted with the issue of whether, for purposes of KRS 500.050(2), the prosecution of the misdemeanor offenses at hand were commenced within one year after they were committed. As noted above, once the location of the prosecuting witness and her child were obtained, the Commonwealth moved to "redocket" the case and noticed the Appellee of its intention to prosecute the misdemeanor charges. I agree with the seasoned circuit judge below who concluded:

> [T]his case was "commenced" within the one (1) year time period set out in KRS 500.050(2). The fact that it was dismissed without prejudice and later "re-docketed" does not mean that the statute has run. The intention of the statute was fulfilled in that Mr. Sowell had notice of the charges against him within the one (1) year time period. In fact, he was aware that the Commonwealth was re-docketing the action within the one (1) year time frame for misdemeanors. This Court can find no significant difference in bringing a new action versus moving the court to re-docket the case.

Legal precedent, public policy, or common sense do not persuade otherwise. I would reverse the Court of Appeals and

affirm the Opinion and Order of the Jefferson Circuit Court.

GRAVES and WINTERSHEIMER, JJ., join this dissenting opinion.