**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**John SMITH, Appellee.**

**No. 2010–CA–001703–MR.**

Court of Appeals of Kentucky.

Oct. 28, 2011.

Jack Conway, Attorney General of Kentucky, Samuel J. Floyd, Jr., Special Assistant Attorney General, Frankfort, KY, for Appellant.

No brief for appellee.

Before ACREE, MOORE and NICKELL, Judges.

*OPINION*

ACREE, Judge:

The issue presented is whether a circuit court may convert a dismissal of a criminal indictment without prejudice to a dismissal with prejudice nine years after entry of the original dismissal. We conclude, based on *Commonwealth v. Sowell*, 157 S.W.3d 616 (Ky.2005), it cannot.

***Facts and procedure***

John Smith was indicted in October 2000 for first-degree trafficking in a controlled substance, tampering with physical evidence, and possession of drug paraphernalia. The charges arose following a traffic stop of the vehicle Smith was driving. He entered a plea of not guilty, and a jury trial was scheduled for February 21, 2001. The evidence against Smith was suppressed following a determination that the traffic stop had violated Smith's Fourth Amendment protections. On the day of trial, the Commonwealth filed a motion to dismiss the indictment without prejudice. The circuit court did so.

The record reflects nothing further for more than nine (9) years. During that time, the Commonwealth did not pursue Smith's prosecution and, based on the record we have, Smith's subsequent conduct did not result in any other contact with law enforcement or the prosecutor's office.

On March 4, 2010, Smith filed a motion in circuit court to expunge the indictment. He also requested, in the alternative, that the circuit court dismiss the indictment with prejudice.[1] The Commonwealth opposed Smith's motion.

1. The circuit court's order and the video re-

flect that the parties and the judge were

The circuit court correctly concluded that Kentucky Revised Statute (KRS) 431.076, governing expungement of criminal records, does not authorize the expungement of criminal charges when they are dismissed *without* prejudice. However, the court stated its belief

> that the interests of justice are not served by an individual being continuously prejudiced by the presence of unproven allegations on his criminal record when the Commonwealth has declined to pursue the charges for in excess of 10 years. Accordingly, Mr. Smith's motion to amend the February 21, 2001 order to reflect that this indictment shall be Dismissed with Prejudice is GRANTED.

If we affirm this ruling, Smith will be eligible in sixty days to renew his motion for expungement pursuant to KRS 431.076. Unfortunately, we cannot.

### Analysis

On appeal, the Commonwealth contends the circuit court lost jurisdiction to alter the February 2001 order of dismissal ten days after its entry. We agree.[2]

In *Commonwealth v. Sowell,* our Supreme Court stated:

> In several cases we have held that a dismissal without prejudice is a final and appealable order. Notably, in *Wood v. Downing's Admr.* [110 Ky. 656, 62 S.W. 487, 488 (1901) ], we held that an order dismissing without prejudice "fixed absolutely and finally the rights of the parties in this suit in relation to the subject matter of the litigation, and put an end to the suit. It was a final appealable order." Notwithstanding the "with-

out prejudice" language, an order of dismissal adjudicates all rights. Nothing remains to be done.

157 S.W.3d at 617 (footnotes omitted).

Ten days after entry of a final and appealable order, the trial court loses jurisdiction over the order and cannot alter it.[3] Kentucky Rules of Civil Procedure (CR) 59.05. Accordingly, if a criminal defendant desires that the dismissal of his charge without prejudice be amended to a dismissal with prejudice, he must file either a timely CR 59.05 motion to alter, amend, or vacate or pursue an appeal in compliance with CR 73.02(1)(a). *See Sowell,* 157 S.W.3d at 618.

Smith did neither, and the circuit court erred when it entered an order modifying the February 2001 order dismissing the criminal charges against Smith with prejudice.

### Limitations of the legislative scheme

We are not unsympathetic to Smith's plight; but, his is not the first case to raise this issue. *See Commonwealth v. Holloway,* 225 S.W.3d 404, 407 (Ky.App.2007) ("This Court is sympathetic to Holloway's situation. It has been ten years since the arrest at issue and no further action was taken by the Commonwealth after the Grand Jury returned the 'No True Bill'."). Smith appears to have avoided serious legal trouble for a decade but still finds, as he seeks employment, that the unresolved indictment is a blight upon his record. Unfortunately, the legislative scheme in Kentucky simply does not allow the relief granted here.

---

aware of the alternative motion to amend the February 2001 order to a dismissal with prejudice, but our review of the record has failed to discover the motion itself.

**2.** The Commonwealth has raised additional grounds of reversal, but we need not address them.

**3.** This, of course, is true absent CR 60.02 grounds which warrant vacating the order.

Furthermore, the solutions the judiciary offers in *Sowell* are, practically speaking, no solution at all. What practitioner realistically believes in the possibility of successfully utilizing CR 59.05 to ask a trial judge, virtually immediately and over the Commonwealth's objection, to amend an order of dismissal from "without prejudice" to "with prejudice"? *See* RCr 9.64; *Gibson v. Commonwealth*, 291 S.W.3d 686, 690 (Ky.2009) (quoting *Hoskins v. Maricle*, 150 S.W.3d 1, 13 (Ky.2004); "[S]ubject to rare exceptions usually related to a defendant's claim of a denial of the right to a speedy trial, the trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away before trial a prosecution based on a good indictment."). Similarly, what practitioner, successful in having the indictment against his client dismissed without prejudice, would consider appealing that decision to this Court?

We also understand the frustration of the circuit judge who, no doubt, questions the wisdom of the prosecutor's exercise of discretion to keep Smith on the hook with no obligation to explain why and with no prospect of re-indictment in the future. Unfortunately, as the Commonwealth notes, this is a prerogative of the prosecutor protected by Kentucky's jealously-guarded separation-of-powers doctrine. *Gibson*, 291 S.W.3d at 690.

Under a different legislative scheme, Smith would have a solution more to his liking.[4] Under the current legislative scheme, Smith is left with the less-comprehensive relief of KRS 17.142. That statute permits application for the segregation of records when all charges have been dismissed, without the requirement of a dismissal with prejudice. KRS 17.142 reads:

(1) Each law enforcement or other public agency in possession of arrest records, fingerprints, photographs, or other data whether in documentary or electronic form shall upon written request of the arrestee as provided herein segregate all records relating to the arrestee in its files in a file separate and apart from those of convicted persons, if the person who is the subject of the records:

(a) Is found innocent of the offense for which the records were made; or

(b) Has had all charges relating to the offense dismissed; or

(c) Has had all charges relating to the offense withdrawn.

(2) A person who has been arrested and then has come within the purview of subsection (1) of this section may apply to the court in which the case was tried, or in which it would have been tried in the event of a dismissal or withdrawal of charges, for segregation of the records in the case. Upon receipt of such application the court shall forthwith issue an order to all law enforcement agencies in possession of such records to segregate the records in accordance with the provisions of this section.

---

4. In Minnesota, for example, once criminal proceedings have been resolved in the defendant's favor, including dismissal without prejudice, the applicable statutes *favor* expunging the record. Minnesota Statutes Annotated (MSA) § 609A.02, Subdivision 3; MSA § 609A.03, Subdivision (5)(b); *see also State v. K.M.M.*, 721 N.W.2d 330, 333–34 (Minn.Ct.App.2006). There, it is the burden of the party opposing expungement to demonstrate that expungement is not warranted under the circumstances. MSA § 609A.03, Subdivision 5(b) ("[T]he court shall grant the petition to seal the record unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record.").

(3) Each law enforcement agency receiving an order to segregate records shall forthwith:

(a) Segregate the records in its possession in a file separate and apart from records of convicted persons;

(b) Notify all agencies with which it has shared the records or to which it has provided copies of the records to segregate records; and

(c) All records segregated pursuant to this section shall show disposition of the case.

(4) Records subject to the provisions of KRS 431.076 or 431.078 shall be sealed as provided in those statutes.

This statute would allow Smith to have the records held by any public agency segregated and removed from the public record. This statute does not, however, apply to judicial records. *Commonwealth v. Shouse,* 183 S.W.3d 204 (Ky.App.2006). While this remedy does not rise to the level of an expungement, it does provide for some relief.[5]

### Conclusion

The order of the Jefferson Circuit Court is reversed.

ALL CONCUR.

---

**5.** This is perhaps the best place to note our recognition in *Commonwealth v. Holloway,* 225 S.W.3d 404 (Ky.App.2007), that trial courts possess a very narrow inherent power of expungement for the purpose of correcting constitutional infractions. That possibility was not raised before the circuit court, and the circuit court did not base its order on that inherent power; therefore, the matter is not before us now. *Holloway,* 225 S.W.3d at 406–07.